[Blair's Lessee *v.* Caldwell.]

## Lessee of Andrew Blair *against* John Caldwell.

Want of proof that the names of the commissioners of the county had been returned to the sessions, will not invalidate a sale for a non payment of taxes; but there must be due proof of assessment and advertisement.

EJECTMENT for one messuage and 227 acres in Derry township.

The plaintiff claimed under a warrant dated 1st December 1788, and a survey thereon made 15th April 1789.

The defendant held under a deed, made by John Kirkpatrick, Barlet Laffer and Jacob Smith, commissioners of the county, dated 21st September 1796, reciting that the lands in question were unseated by Andrew Blair and had been assessed for the state tax of 1789 at 8d., and for the county taxes of 1789 and 1790 at 4s. 5d., and that the same had been sold on the 12th August 1796 to the defendant, and John M'Mullen for 67 dollars.

The plaintiff's counsel moved, that it should be shewn, that the names of the county commissioners were returned to the sessions, and entered by the clerk, and that they had taken the oath of office. The want of this proof had invalidated a sale for taxes, in Miller's lessee *v.* Moore and Cochran, at Nisi Prius in Carlisle, May assizes 1783. See act 20th March 1724–5.

*285]    *Sed per cur.* That resolution has been generally disapproved of. The objection would go too far, and affect a variety of cases. Every thing shall be presumed in favour of the acts of officers *de facto.* But all our decisions unite in requiring proof of the regular assessment of the taxes, and of the due advertisement of the lands previous to the sale. This was first established on full argument in bank, before all the judges of the Supreme Court in September term 1796, in the lessee of Sarah Wistar *v.* John Kammerer, on a motion for a new trial; and the doctrine has been uniformly pursued since.

It was then admitted, that regular advertisements could not be shewn in the present case, and agreed, that a verdict should pass for the plaintiff.

Messrs. Young and Kennedy, *pro quer.*

Messrs. Woods and Armstrong, *pro def.*

Referred to in 7 S. & R. 394.
Cited in 8 S. & R. 369 in support of the proposition that every direction and requisition of the law must be complied with in a tax sale, else the purchaser takes no title. Cited for the same purpose in 9 Watts 344; 19 Pa. 310.
Cited in 13 S. & R. 378 to show that everything shall be presumed in favor of an officer *de facto.*