Tilghman C. J.
This is an ejectment for a tract of land in Westmoreland county. On the trial it was confessed, that the title had been in the plaintiffs, until the land was sold for taxes by the sheriff, under which sale the defendant claims. But the counsel for the plaintiffs objected to the admission of the sheriff’s deed in evidence, because it had not been proved that the tax had been laid according to law, or that the commissioners had issued a warrant to the sheriff commanding him to make sale of the land. They objected also to the admission of evidence to show the value of the improvements made by the defendant subsequent to the sale by the sheriff. On' both these points the Court decided in favour of the defendant, and exceptions were taken to their opinions.
The questions both depend on the construction of the 3d section of the act “ directing the mode of selling unseated “lands for taxes,” passed the 3d April, 1804, (4 Sm. Laws, 202); In that section it is enacted, that “ rio action for the *41 H recovery of land sold for taxes shall .lie, unless the same be “ brought within five years after the sale thereof for taxes as' “ aforesaid. Provided always, that where the owner or own- “ ers of such lands sold as aforesaid, shall at the time of such “ sale be minor, or minors, or insane, and residing within the “United States ; five-years after such disability is removed “ shall be allowed such person or persons, their heirs or legal “ representatives, to bring their suit or action for recovery of “ the lands so sold; but where the recovery is effected., in such “ case the value of the improvements made on the lands so “ sold, after the sale thereof, shall be ascertained by the jury “ trying the action for recovery, and paid by the person or “ persons recovering the same, before he, she, or they, shall “ obtain possession of the lands so recovered.” In the present case the owners of the land were neither minors or insane. The case then is narrowed to the single question, whether the purchaser of lands thus circumstanced, is entitled to an allowance for the value of his improvements, because if he is, he has a right to give the sheriff’s deed in evidence, in order to shew that the land was sold for taxes, whether the taxes were laid according to law or not. Indeed the allowance for improvements can scarcely take effect in cases when the proceedings were according to law, because in such cases the owner of the land could not recover at all, and the purchaser would hold both land and improvements. The act of assembly was intended for the encouragement of purchasers of lands sold for taxes, by assuring to them at all events the value of their improvements. This encouragement was thought necessary, because it had been found by repeated trial's, that scarcely in any instance had the proceedings been so conducted by the public officers, as to stand, the test of % judicial inquiry. If this was the main object of the law, as I am well satisfied that it was, there is no reason why the value of the improvements should be allowed in the case of minors or insane.persons, more than in any other case. Indeed it would be most extraordinary if the allowance were restricted to such cases,because,supposing that it is an injuryto the owners of the land; (which is assumed, and truly assumed in the argument of the plaintiffs) it would follow that the proviso places minors and insane persons in a worse situation than others, although it was intended for their benefit. There is no way of avoiding this absurdity, but by giving, the words “ zvherc *42 “ the recovery is effected,” a general reference to all cases of land .sold for taxes. I see no objection to such a construction ; so far from straining the expressions, it gives them the meaning which they naturally bear; for being placed in the conclusion of a sentence, in the preceding part of which had been mentioned, not only the sale of land belonging to minors, but also to adults, the reference should be understood as extending to recoveries in all the cases before mentioned. I am therefore of opinion that the Court of Common Pleas was right, both in admitting the evidence of the sheriff’s deed, and of the value of the improvements, consequently the judgment should be affirmed.
Yeates J.
not having been present at the argument, delivered no opinion.
Brackenridge J. concurred.
Judgment affirmed.