Under the act of 3d April, 1804, for selling unseated lands for taxes, the title given by the sheriff is good, after five years have elapsed from the sale, without action being brought, whether the proceedings were regular or irregular, and that notwithstanding the sale was for taxes due before the passing of the act, and the purchaser had not entered on the land.

On a sale of unseated lands for taxes, if no tenant is on the land, the law will presume the purchaser for taxes to be in possession; and if he will not appear and defend his title, judgment will be given against him.

PARISH and another *against* STEVENS, to the use of BUCKINGHAM.

IN ERROR.

ERROR to the Common Pleas of *Luzerne* county, and bill of exceptions to the charge of the Court.

*Hall,* for the plaintiff in error.

*Watts,* contra.

TILGHMAN C. J. This action is brought on a note for 400 dollars, given by *Parish* and *Tyack,* the defendants below, to *John Stevens,* the plaintiff, in consideration of a tract of land conveyed by the plaintiff to the defendant. The defence set up was, that the plaintiff had no right to the land conveyed by him, and therefore the consideration of the note failed. It appears by the evidence, that the land was sold for taxes, as the property of *William Wilson,* by the sheriff of *Luzerne* county, by virtue of a warrant from the commissioners of the said county, bearing date 30th *May,* 1806. The sheriff sold and conveyed to *Jonathan Bulkley,* who sold and convey to *John Stevens,* the plaintiff. It was objected by the defendants, that the title was defective, because the proceedings of the commissioners and sheriff were irregular. On the other hand, it was contended by the plaintiff, and so given in charge to the jury by the Court, that whether the proceedings were regular or irregular, the title was good, because by the act, " directing the mode of selling unseated " land for taxes," passed 3d *April,* 1804, it is enacted, that no action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the sale.

The expressions of the act, are very comprehensive, and very strong, against an action by the former owner of the land, unless brought within five years from the time of the sale for taxes. The object of the legislature was, to cure irregularities; for it had been found by repeated trials, that the purchasers of lands sold for taxes, were unable to prove, that all legal requisitions had been complied with. On the argument before us, it has been attempted to distinguish this case, and take it out of the provision of the act of assem-

bly, for two reasons. 1. Because part of the taxes were due *before the passing of the act.* 2. Because the five years within which the action must be brought, ought to be computed, not from the *time of sale,* for taxes, but from the time *when the purchaser entered.* As to the first point, it is sufficient to remark, that the second section of the act, expressly comprehends all taxes then due, or *that might thereafter become due,* and all taxes then laid, or *that might thereafter be laid.* As to the second point, the words of the law are equally express; " five years *after the sale* thereof for taxes " as aforesaid." By what authority then, can this Court alter the law, from the time of *sale,* to the time of *entry* of the purchaser? It is said, that until the purchaser enters, no ejectment will lie against him, and thus by declining to take possession for five years, he may deprive the former owner of all opportunity of shewing the irregularity of the proceedings. But to this I cannot subscribe. The act of assembly respects no lands but those which are unsettled. In such case, no tenant being actually on the land, the law will presume the purchaser at the sale for taxes to be in possession, and if he will not appear and defend his title, judgment will be given against him. Of this I can have no doubt, and therefore, if the five years from the sale, are suffered to elapse, it is the party's own fault and he must take the consequences. It does not appear in the present case, that *William Wilson,* or any person claiming under him, has disputed the defendant's title, although it was proved, that he was in actual possession. So that the defendant wishes to hold the land and pay nothing for it. This cannot be right. If he thought the title bad, he should at least have offered to give it back to the plaintiff. This, however, by the bye. The question is, whether the Judge below erred in his charge. I am of opinion, that he did not, and therefore the judgment should be affirmed.

*N. B.* Judge YEATES (deceased) concurred in this opinion, but died before it was delivered.

GIBSON J. concurred.

DUNCAN J. gave no opinion, having been counsel in the cause.

Judgment affirmed.