Tilghman C. J. —
A question of law, of considerable importance arose on the trial of this cause, that is to say, whether the plaintiff could not support an action for the recovery of these lands, after the expiration of five years from the time of the sale for taxes, the purchaser not having been five years in possession ? This sale was made, by virtue of the Act directing the mode of selling unseated lands for taxes, passed the 3d of April, 1804, in the 3d section of which, are found the following expressions : — “ And no action for recovery of said lands shall lie, unless the same be brought within five years after the sale thereof for taxes as aforesaid.” These are strong expressions; so strong indeed, that I was at first induced to think it was impossible to get over them, even in cases where they produced extreme inconvenience ; because, where the intention of the Legislature is clear, the Courts of justice are to carry it into effect, and are not responsible for consequences. This-is a principle not to be contradicted but at the same time, it must be acknowledged, that general expressions are sometimes to be modified where they are inconsistent with other parts of the same law, or of other laws on the same subject; or where they would produce a degree of injustice not to be attributed to the Legislature. Suppose now, that a purchaser at the Sheriff’s sale for taxes, should decline to take possession for five years, and that under the laws of the Commonwealth, no action for the *361 recovery of the lands could be brought against a person not in possession, could it be imagined that under such circumstances the man whose land had been sold for taxes, should be for ever barred the opportunity of shewing that the sale had been made contrary to law? Would it not be more reasonable to say, that such monstrous injustice could never have been intended, and in such case the general expressions in the Act of Assembly should be so modified as to extend only to persons who took possession under their purchase, and to allow the former owner five years for bringing his action, from the time when he first might have brought it, viz. from the time of the purchaser’s entering into the possession ? When this question was formerly brought before us, in the case of Parish and another v. Stevens, it was introduced in a collateral manner (the action being for the recovery of a debt) and not much debated. I am free to confess, that I was too much carried away by the strong general expressions of the Act of Assembly, and having since had the advantage of two arguments, and mature reflection, I am satisfied that my first impressions were wrong. I never did suppose, however, that it was the intent of the Act, to bar a man after five years, who had no opportunity of bringing his action. But it occurred to me, that if the action was brought, the Court might compel the purchaser at Sheriff’s sale to confess himself in possession, or give judgment against him ; or an ejectment might be brought as in case of a vacant possession* And I should still hold the same opinion, were it not that another Act of Assembly, passed the 21st March, 1806, (which, must be considered in conjunction with the Act directing the mode of sales of lands for taxes) puts it out of the power of the plaintiff to bring an ejectment, except against a person residing in the county where the Wids lie. The Act of March, 1806, directs, that all writs of ejectment shall be brought in the following form, and not otherwise ; and then prescribes the form, which is a summons, to be served by the Sheriff of the county ; and it recites that the defendant is in the actual possession of the land. We know, that in many instances (perhaps in most) lands sold for taxes are purchased by persons not residing in the county where the lands are situated, and it would look too much like legislation for the Court to establish different rules of construction, *362 according to the places of residence of different purchasers. Qne t{jjng seems certain, and that is, that it was intended to allow five years for bringing an ejectment, and it was also intended, that the person should be forever barred who neglcCtecl to bring his action within these five years. The question is, then, what is to be the commencement of the period of limitation ? The best answer appears to be, the first moment when the action could have been brought; that is, the instant that possession is taken by the purchaser. This construction of the Act for the sale of unseated lands for taxes, gives a regular and equitable system, of which no one can complain. Not the former owner of the land, because he is allowed ample time for shewing that the sale was not according to law ; not the purchaser, because his title is secured to him in five years from the time when he has given his adversary an opportunity of prosecuting his claim. The case of Jackson v. Huntley, in the Supreme Court of New York, is not unlike the one before us. There, certain Commissioners were appointed for the settlement of disputed titles in Onondaga county. The Commissioners were to make an award, and the person conceiving himself aggrieved by it, was to be barred, unless he brought his action in three years from making the award. The Court held, that there was no bar, unless possession was taken by the adverse party. And some light may be thrown on the subject, by an instance of legislation in our own State. By the Act of 3d April, 1792, on tthe determination of a caveat by the Board of Property, it is provided, that the issuing of a patent shall be staid for six months, “ within which time, the party against whom the determination is made, may enter his suit at common law, but not afterwards ; and the party in whose favour the determination of the Board is, shall be deemed and taken to be in possession, to all the intents and purposes of trying the title, although the other party shall be in the actual posses. sion.” We see here, how careful the Legislature was, that the right should not be barred without an opportunity of trial. And, not having provided any particular mode of determining who should be considered in possession, in the case of land sold for taxes, we may conclude, that it was taken for granted, the purchaser would enter into possession, and thus remove all difficulty in bringing an ejectment. Upon *363 the whole I am of opinion, that the former owner of the land has five years for bringing his ejectment, after the purchaser has entered into possession, and in this opinion I am happy that my brother Gibson concurs, who agreed with me in the case of Parish and another v. Stevens. The judgment is therefore to be reversed, and a venire facias de novo awarded.
Gibson J. concurred.
Duncan J. —
.The only question in this case, and it is one of general concern and interest, is, does the provision in the third section of the Act of the 3d of April, 1804,enacting, “that no action for the recovery of lands, shall lie, unless the same be brought within five years after the sale thereof for taxes,” form an absolute bar to recovery, whether possession has been taken under the sale and continued for five years or not; so that the owner can make no objection to the regularity of the proceedings, and the defendant, holding the Sheriff’s deed under this Act, stand protected and all inquiry precluded.
Every limitation to the right of entry or action for the recovery of land, supposes an adverse possession; and it is only from the moment of adverse possession taken, that the time begins to run. If the sale for taxes be regular, possession is out of the question; the owner has lost his land, however inadequate or disproportionate the price may be, compared with the real value of the land, and however rigorous the limitation of action may be, it is constitutional and binding. And if there has been a notorious possession under an irregular sale, taken and held for five years, and the owner has not brought his action within that time, he is barred by his own laches and negligence. But where there has been no such possession, if it was now first to be decided, the conclusion I would draw would be, that as the Legislature allowed the owner five years to test the validity of the sale by an action, if the purchaser did not take possession so as to enable the owner to bring his action, he could support it at any time, unless there had been a possession taken, and continued for five years under the sale. But it has been decided differently by this Court, in Parish and another v. Stevens for the use of Buckingham, 3 Serg. & Rawle, 298. My habi *364 tual respect for judicial decisions, and my high personal respect for the very learned Judges by whom this was made, created a pause in my mind ; but after two very able arguments, one in this cause and the other at Pittsburgh on this very question, it has settled down in the conviction, that this provision does not embrace the case of a sale where possession has not been taken and continued for five years ; and all reluctance in departing from this decision has been removed, by finding that the Chief Justice has come to the same conclusion. It was a solitary decision, not generally acquiesced in, nor become a rule of property which it might be dangerous to disturb. New light has been thrown on the subject; it has been more fully argued and more maturely considered. Judges, the most distinguished for their wisdom and integrity, have overruled their own decisions; and it is from Judges of this character, that these instances of candour and justice are to be expected.
All limitations are matters of positive law. It is highly expedient, that there should be a period, in which time should give to every man’s possession, security and repose.
The Act of the 3d of April, 1804, directing the mode of selling unseated lands for taxes under which this sale was made, enacts, “ that no action for the recovery of said lands shall lie, unless the same shall be brought within five years after the sale thereof for taxes as aforesaid, provided that where the owner shall be, at the time of such sale, a minor or insane, and residing within the United States, five years after the removal of such disability shall be allowed to bring suit for the recovery thereof; but where the recovery is effected in such cases, the value of the improvements made on the land after the sale, shall be ascertained by the jury trying the action for the recovery, and paid by the person recovering the possession of the land so recovered.” The main object of this provision was to encourage purchasers, by securing to them the value of their improvements at all events j and the land itself, if possession was taken and no action brought within the time prescribed. Creigh v. Wilson, 1 Serg. & Rawle, 38. Purchasers at Commissioners’ sales, on speculation, which are not always conducted with due fairness, were not the objects of legislative favour and projection ; but the.man who bought and went into possession. *365 Subsequent laws may have carried their protection farther, but this Act did not. When the Legislature reserved to the owner the right of contesting the validity of the sale by action, they necessarily conferred on him the meats, for every grant gives all that is necessarily incident to itsenjoyment; and it was not the intention of the Legislatuie, that a sale made with or without authority, without assessment, without notice or advertisement, not appearing in any assessor’s return, any collector’s duplicate, any treasurer’s book, should be valid ; and that though the land was occuprd, or the taxes paid, the property should be confiscated vithout redemption, and the Sheriff’s deed conclude the owrer, because he did not do, what by law he could not do, bing an action to recover from nobody, that which nobody posessed. The provision of the Act of 1815, is consistent with jistice ; because it allows the owner a reasonable time to red:em by payment of the taxes and twenty-five per cent additional to a known public officer. When the Legislature Imited this time of action to five years, they looked not onb to a possession, but to a possession under the sale, to an action in which the validity of the sale eould be tried. But wkre the possession is vacant, what action can be brought ? A personal action could not be sustained against the purchaser; noaction would lie against him merely for buying at Commissoners’ sales. Besides, if he resided out of the county, it woild not follow his person, it would not be transitory. Whatever the action is, it must be local; and you must find an acor and an act done in the county, or you can have no action. Ejectment is the only action. If the old form were not abolished, you might proceed as on a vacant possession, but tha¡ would not answer the views of the Legislature-; the legality of the sale could not be tried. But that form is abolished, tnd the substitute, the writ of ejectment, (and no other writ vill lie) is given by the Act of the 21st of March, 1806 ; and this writ must be brought against a person in rerum natura, a real pers.on, who hath the actual possession. There can be no lease, entry and ouster, by sealing a lease on the land, entering and raising up one to make an actual ouster. If the Legislature designed to put the purchaser in the constructive legal possession, for the purpose of trying the sale, they would have so provided, as in the Act of the 3d of April, 17"92, *366 which makes the decision of the Board of Property on a caveat, "conclusive on the right, unless an action at common law, bt brought within six months. There is a direct declaration, * that the party in whose favour the determination is, shall le deemed and taken to be in possession to all intents and purposes of trying the title, although the other party shoulc be in actual possession;” thus giving a party time to try hii right, and furnishing him with the means of doing it. But itwould be mocking the owner, to give him time to controvert the sale, and yet deny him the means. Say, he might bringhis action to recover, when he could have no action, and tlere could be no recovery. If the owner has remained fi\e years in possession, he is barred on this principle ; he codd not bring an action against himself, he could not recover from himself. But, it is not only to be a formal action, lut a substantial one, an action to recover, importing an advene possession, and a possession under the sale. There are two constructions of this Act, between which I have held my jtdgment suspended. The one is, that the action should be brtught within five years after the sale provided, an actual, risible, notorious possession under the sale has been taken within the time, and so long before as to enable the owne' to ascertain the fact of possession, and allow time sufficient to bring the action; and that if no possession is taken under the sale within the five years, the limitation claust never comes into operation, and the owner prosecutes his chim as he could in other cases, and the purchaser defends rimself on his deed, if the sale be authorised by law; the parties to stand or fall, as the sale may be determined to be regular or otherwise, or as the case may fall within the general limitation law. This construction has been adopted on a similar provision in a Statute in the State of NewTork. Certain Commissioners were appointed to settle disputes concerning titles to land in Onondago county. The Act declared, “ that the award of the Commissioners, after two years from the making thereof, should become binding and conclusive on all persons, except such as conceiving themselves aggrieved, shall dissent therefrom within two years, and give notice thereof to the Commissioners, or file the same in the office of the Clerk of the Pleas of the county, and shall also, if not in actual possession, within three years *367 after such award, commence a suit or suits to recover the land itself,” &c. The construction has been repeated a»d uniform, that though the dissent must be within two years, whether there be actual adverse possession ot not, yet that the action is only limitedin point of time, where there is an actual possession, within three years. This construction was first given in 1809, by the Supreme Court, in Jackson v. Huntley, 5 Johns. 59. Yates, Justice, who delivered, the opinion of the Court, thus expressed himself, “ It is manifest, the Legislature intended to secure to the party claiming adversely, an opportunity to assert his title against the party in whose favour the award was; not that he must proceed as for a vacant possession.” In 1811, the same question was raised, in Cornelius’s Lessee v. M'Kee, 8 Johns. 335, (2d. Ed.;) and the Court there say, “ If the land was wild and unreclaimed, without any possession, the Act does not preclude any party who has not brought his action, because the object af the Act could not be answered in such case by a suit.” And again in 1820, 18 Johns. 77, Spencer, Chief Justice, recognising and acting on these decisions, observes, “that the requisition is that the party, against whom the decision is, If not in the actual possession, must commence his ejectment within three years after the award; but this is where there is a notorious possession in his adversary. But had this adverse possession commenced shortly before the expiration of the three years, and the party dissenting had thus no opportunity of asserting his right, the case would be materially different.” The present case is much stronger; for here no action could be brought as on a vacant possession, and the owner’s title is extinct, however apparent-the irregularity may be, and however great the sacrifice of his property. It would be an act of confiscation, and not of limitation; for the purchaser, by remaining neuter, taking no possession for five years, can prevent all investigation by the production of his deed, and that, though the possession for all that time has been in the.owner. A Statute for the relief of insolvent debtors, which required the petition to be presented to the next Term after the passing the. Act, on a conference with all the Judges, was decided to be the next Term in which the matter required could possibly be done. Kearle, qui tam v. Whiteland, Say. Rep. 313. The other construe *368 tion, and that which would best effectuate the intention of the Legislature, is, that the owner is barred, where the purchaser, or any claiming under him, has remained in possession for five years, without action brought. Thus considering the five years’ possession in the light of a limitation between the owner and the purchaser. For it is just, that the owner, who has not paid for the protection of his property by the laws, and has permitted it to be sold for the taxes^and has acquiesced for five years in the possession of the purchaser, should forfeit, by this great laches, all right; that this acquiescence in the possession, should, after that lapse of time, be considered as a submission to the sale, a dereliction of his right, and an acknowledgment of the justice and regularity of the sale. But I still consider it incumbsnt, after a possession of five years, on the purchaser, to shew jurisdiction in the Commissioners and authority in the Sheriff. If the taxes have been paid, if the land is occupied, if there has been no assessment, de facto, of the lands, in the name of any one, (I do not speak of mere irregularities, of minute adherence to forms,.but a total want of power and authority,) such sale is not rendered inviolable, even by a five years’ possession.
It will best comport with the views of the Legislature, give security to the purchaser who has continued in possession for five years, and give ample time to the owner who is disposed to contest the sale, to construe the law thus, than to decide that the limitation clause has no effect, unless the purchaser takes possession within five years. My opinion has, after much reflection, fixed on this construction, that five years’ actual possession under the sale, is the proper rule; and that the five years begin to run when possession is taken and at whatever time taken, making the time relate to the possession, and not to the sale.
The Court charged the jury, that, after the expiration of five years from the sale, the.purchaser was protected, whatever might have been the irregularities in conducting the sale ; and that it was sufficient for purchasers to produce the warrant of Commissioners and the deed, for there was no evidence of. possession taken under the sale, continued for five years, before action brought. It follows, that there was error in admitting this evidence, Before it was admitted, *369 it was incumbent on the purchaser to shew, that all the previous requisitions had been complied with, — all that the law required previous to a sale. Blair v. Waggoner, 2 Serg. & Rawle, 472. One claiming under such sale, must shew an exact and minute adherence to the law. It must appear, that every direction and requisition of the law has been complied with, else the purchaser has no title. 2 Yeates, 100. 312. 330. 3 Yeates, 284. The purchaser must shew an authority to sell. 4 Cranch. 403. The execution of a power by a public officer to sell lands for non-payment of taxes, must be strictly pursued, or no title is conveyed. The jurisdiction must appear, otherwise the sale is not merely voidable, but absolutely void. 6 Wheat. 119.
The purchaser cannot begin with his deed ; he must shew the regular order of proceedings required by law. The acts required to give the Commissioners jurisdiction to issue their warrant to the Sheriff, must first be established; then the warrant is evidence; next it must be shown, that the Sheriff advertised in the manner prescribed by law. As there was no limitation barring the owner’s right by a five years’ possession under the sale, there was error, as well in the admission of evidence, as in the charge of the Court; and the judgment must be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.