## BRADFORD *against* DORNSEIF.

A plaintiff whose land was sold for taxes in 1806, is effectually barred, by the act of 3d April, 1804, from recovering the land from the purchaser, who had been in possession of it more than five years after such sale and before suit brought.

APPEAL from the Circuit Court of Northumberland county, held by *Chief Justice Gibson.*

This was an action of ejectment, in which *Thomas Bradford* was plaintiff, and *Henry Dornseif* and others were defendants, in which all the points arose which were discussed in the preceding case of *Hubley* v. *Keyser*, and one more;—which was, whether the 3d section of the act of 3d April, 1804, was not an effectual bar to the plaintiff's recovery:—the defendant having been in possession of the land, under a sale for taxes made to him in 1806, for more than five years after the sale and before this suit was brought. The Circuit Court decided that it was.

*J. Hepburn* and *Lashells* for appellants.

*Packer* and *Greenough,* contra.

The opinion of the Court was delivered by

HUSTON J.—This case depended on the construction of the clause in the 3d section of the act of 3d April, 1804, limiting the time within which actions can be brought for the recovery of lands sold for taxes. This law has received a construction from this Court in *Parish* v. *Stevens,* 3 *Serg. & Rawle,* 298. This decision gave it effect in all cases. Then in 8 *Serg. & Rawle,* 357, *Waln* v. *Shearman,* its operation was confined to cases in which the purchaser had taken possession, which led to passing the act of 29th March, 1824, which limited the time of bringing suits to two years from that time, whether the purchaser had or had not taken possession.

64

(Bradford *v.* Dornseif.)

The two former decisions had settled that an action could not be sustained after the purchaser had been five years in possession. The words are, "no action for the recovery of said lands shall lie, unless the same be brought within five years after the sale thereof for taxes as aforesaid." Nothing can be more plain or positive; the law must be enforced by the Court or repealed by them; it cannot be mistaken nor misunderstood.

All statutes of limitation are made for the protection of those who, without such statute, had no protection. They are useless to those who are safe without them. They must protect those who could not otherwise be protected, or they are useless.

The possession of the defendants began in 1812. They are within the letter and spirit of the act of assembly.

Judgment affirmed.