Eldridge v. Kuehl.

---

## ELDRIDGE v. KUEHL.

1. Tax sale: TIME OF: WHEN AUTHORIZED BY LAW. A tax deed which recites that the sale was begun and publicly held on the first Monday of December instead of the first Monday of October, as provided by section 763 of the Revision, is not void upon the ground that it shows on its face that the sale was made at a time not authorized by law. By section 776 the treasurer is authorized and it is made his duty, when, from any good cause, the property cannot be duly advertised and offered for sale on the first Monday in October to make the sale on the first Monday of the next succeeding month in which it can be made.

2. —— OF TRACTS GREATER THAN FORTY ACRES. A tract of land containing eighty acres may be sold without division when so listed and assessed ; and if nothing appears to show that it was not so listed and assessed, the deed will be held regular. The case of *Corbin* v. *De Wolf* (25 Iowa, 124) followed.

3. —— MISCONDUCT OF PURCHASER : EVIDENCE. Evidence that the purchaser at the tax sale, by his conduct, prevented competition with him by the bidders present in reference to many pieces of land bid for by him, is not admissible to impeach the validity of the sale where it is not shown that such conduct extended to, or was in some way connected with, the tract in controversy.

Eldridge v. Kuehl.

4. —— Whether evidence of such alleged misconduct, even if connected with the particular tract in controversy, would be admissible as against a *bona fide* grantee may well be questioned.

5. —— ERROR IN ASSESSMENT AND TAXES. A tax sale and deed, otherwise regular, will not, in view of sections 755 and 762 of the Revision, be rendered invalid by an error in the assessment ; nor by an erroneous tax, provided any portion of the taxes for which the land was sold was legal. And evidence of such errors may, in such cases, be properly excluded on the ground of immateriality.

6. —— STATUTE OF LIMITATION : WHEN IT COMMENCES TO RUN. The limitation embraced in section 790 of the Revision, which provides that "no action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years from the date of sale," commences to run from the date of the execution and recording of the treasurer's deed, instead of from the time the land was struck off to the bidder at the sale. The word "sale," as therein used, is construed to mean a completed sale which vests the *title* in the purchaser and places him in a position to have the legality thereof tested in the courts.

### *Appeal from Scott District Court.*

### TUESDAY, APRIL 27.

ORDINARY action for the recovery of real property, to wit : the north half of the northwest quarter of section twenty-six, township seventy-nine, north of range two, east of the fifth principal meridian. Answer in denial ; also averring title in the defendant by virtue of a tax deed ; also setting up and relying upon the statute of limitations, as contained in the revenue law. Rev. § 790. There was a trial to a jury which resulted in a verdict for the defendant. The plaintiff appeals.

The further facts are stated in connection with the several points ruled in the opinion.

*John N. Crawford* and *Thompson & Campbell*, for the appellant.

1. Statutes of limitation are intended to bar his right of action who has for a certain period neglected to assert his claim ; the idea of neglect pervades, underlies, and supports them all.  The principle is, that the adverse claim is accompanied by such an invasion of the rights of the opposite party, as to give him cause of action, which, failing to prosecute within the time limited by the law, he is legally presumed to have surrendered.   Therefore, the statute in question commences to run from the first moment when an " action for the recovery of real property sold for the non-payment of taxes " may be brought to test the validity of the sale. *Jones* v. *Hockman*, 12 Iowa, 107; 11 Gill & J. 371.

Neglect is the foundation of the *usu-capio*, and *prescriptio*, of the civil law. Vattel, b. 2, chap. 12, p. 186.

Equity refuses to interfere in favor of stale claims on the ground of neglect. *Bowman* v. *Wathin*, 1 How. 493.

2. A statute of limitation must be founded upon the idea that the party has had opportunity to try his rights in court.   A statute that does not afford this opportunity would be unconstitutional as an attempt to extinguish vested rights. *Stearns* v. *Gittings*, 23 Ill. 389; *Groesbeck* v. *Seeley*, 13 Mich. 329 ; *Price* v. *Hopkins*, 13 id. 318; *Case* v. *Dean*, 16 id.

3. There can be no opportunity to bring an action until the deed has been placed on record, the holder of a certificate not having any title to the land.   *Williams* v. *Heath*, 22 Iowa, 519 ; *Curtis* v. *Millard*, 14 id. 130 ; *Jackson* v. *Selleck*, 8 Johns. 270 ; *McIvor* v. *Reagan*, 2 Wheat. 204 ; *Framboier* v. *Jackson*, 8 Cowen, 589 ; *United States* v. *Arredondo*, 6 Peters, 292.

4. Statutes of limitation do not run where there are no parties competent either to sue or to be sued, or where there is no court in which the action can be brought. Stanford's case, cited in Cro. Jac. 61 ; *Casey* v. *Stephen-*

son, Salk. 421; *Murray* v. *The East India Co.*, 5 Barn. & Ald. 204; *Montgomery* v. *Hernandez*, 12 Wheat. 133; *Trecothic* v. *Austin*, 4 Mason, 21.; *Dowell* v. *Webber*, 2 Smedes & M. 452; *Bradford* v. *McLernon*, 3 Yerg. 318.

5. There being an incapacity to bring an action for the "recovery of real property sold for the non-payment of taxes," which continues until the deed is recorded, the time that elapses before the record of the deed should be excluded from computation.

6. Section 790 is borrowed from the Pennsylvania statute, and when the legislature adopts the statute of another State or country, the construction of that statute by the courts of the State from whence it was borrowed will be adopted by the courts. This is a well-settled rule of interpretation. *Kenneday* v. *Kenneday*, 2 Ala. 571–625; *Campbell* v. *Quinlan*, 3 Scam. 288; *Adams* v. *Field*, 21 Vermont, 265; *Riggs* v. *Wilton*, 13 Ill. 16; *The State* v. *Rowley*, 12 Conn. 101; *McKenzie* v. *The State*, 6 English, 594; *United States* v. *Jones*, 3 Wash. C. C. 209; *Ingraham* v. *Regan*, 23 Miss. 213.

7. The Pennsylvania statute was held to run from the first moment when the action could have been brought. *Waln* v. *Shearman*, 8 S. & R. 357; *Ash* v. *Ashton*, 3 W. & S. 510; *Cramer* v. *Hill*, 4 W. & S. 36; *Bigler* v. *Kerns*, id. 147; *McCall* v. *Himbaugh*, id. 164; *Bayard* v. *Inglis*, 5 W. & S. 465; *Robb* v. *Bowen*, 9 Barr, 72; *Burd* v. *Patterson*, 10 Harris, 219.

To the same effect we cite the following cases: *Edgerton* v. *Bird*, 6 Wis. 527; *Sprecker* v. *Wakely*, 11 id. 432; *Hill* v. *Kricke*, 11 id. 442; *Falkner* v. *Dorman*, 7 id. 388; *Knox* v. *Cleveland*, 13 id. 245.

II. The court erred in instructing the jury "that the said tax deed is valid and binding and conveyed the title to the property in question to the said Corbin," for while the deed is admissible to prove those things of which it

is made *prima facie* evidence, the burden of proof is not changed as to the other material steps necessary to the exercise of the taxing power, the section making the deed conclusive evidence of those steps being unconstitutional and void.

1. It has been virtually so decided by this court. *Allen* v. *Armstrong,* 16 Iowa, 514; *Boardman* v. *Bourne,* 20 id. 134; *Adams* v. *Beall,* 19 id. 66; *Corbin* v. *Hill,* 21 id. 72.

2. It prevents the owner of lands sold for taxes from applying the judicial tests known to the law to the proceeding whereby he is deprived of his property. Webster's speeches, 129; 4 Hill, 143; *Groesbeck* v. *Seeley,* 13 Mich. 329; *Wantlan* v. *White,* 19 Ind. 470; *Young* v. *Beardsley,* 11 Paige, 93.

3. Property cannot be taken under the vague and indefinite power of taxation, without an enactment defining the subjects, and establishing the mode; providing for the appointment of agents; and declaring the extent and nature of the forfeiture. This statute by conclusively determining all these necessary requirements to have been complied with, whether they be so or not, waive compliance with the law, and is therefore unconstitutional.

4. An unconstitutional enactment is void, and it is the duty of the court to utterly disregard and ignore the existence of such a statute. *Marbury* v. *Madison,* 1 Cranch, 176. To admit the deed as *prima facie* evidence, thus casting the burden of proof upon the party claiming against it, requires the court to give effect to the *void* statute, which is presumed never to have been passed.

5. The section in question is either *valid* or *void.* If valid, the court in the cases of *Allen* v. *Armstrong,* and *Corbin* v. *Hill,* could not consider the questions presented by those cases, for they were already conclusively deter-

mined by the statute. If void, the court cannot undertake to alter the law of evidence, by requiring the party who claims against the tax title to show the want of a levy, or the like ; the burden of proof remains unchanged ; and he who claims under a tax deed must show the regularity of every step. *Scott* v. *Babcock*, 3 G. Greene, 133 ; *Williams* v. *Gleason*, 5 Iowa, 284 ; *Gaylord* v. *Scarff*, 6 id. 179 ; *McGahen* v. *Carr*, id. 831 ; Blackwell (2d ed.), 65, and cases cited.

III. The burden of proof is not changed by section 784, as to those matters which transpired before the passage of the act. The act went into operation in July, 1860, the listing and assessment of that year had already, if at all, been completed. *Keane* v. *Cannovas*, 21 Cal. 291.

To make this deed conclusive, or even *prima facie*, evidence of these steps would give the statute a retroactive effect, because the statute would then become curative of defects or omissions existing before its passage.

Courts will not construe a statute to operate retrospectively, unless the clear, manifest intention of the legislature be expressed that it shall so operate. *Dash* v. *Van Kleek*, 7 Johns. 501 ; *The Society* v. *Wheeler*, 2 Gall. 139 ; *Johnson* v. *Bunell*, 2 Hill, 238 ; *Plumb* v. *Sawyer*, 21 Conn. 355 ; *Bartruff* v. *Remey*, 15 Iowa, 257.

This statute does not expressly provide for its retrospective operation, and therefore the defendant should have shown by competent evidence that the land was listed and assessed at the time and in the manner required by law.

IV. The land in controversy was assessed to a stranger and not in the manner required by law. This is a fatal defect and makes the sale invalids *Yancey* v. *Hopkins*, 1 Munford, 419 ; *Martin* v. *Mansfield*, 3 Mass. 419 ; *Brown*

HARVARD LAW SCHOOL LIBRARY

v. *Veazie*, 25 Me. 359; *Merritt v. Thompson*, 13 Ill. 716; *Carmichael* v. *Aiken*, 13 La. 205; *Yenda* v. *Wheeler*, 9 Tex. 408; *Woolfolk* v. *Fonbene*, 15 La. An. 15; *Tallman* v. *White*, 2 N. Y. 66; Blackwell (2d ed.), 143–145, and cases cited.

Section 787 does not cure the defect in this case, because it does not act retrospectively.

V. 1. The sale is invalid because there was no authority of law for levying the railroad tax. *Stokes* v. *The County of Scott*, 10 Iowa, 166; *The B. & M. R. R. Co.* v. *The county of Wapello*, 13 id. 388.

2. The statute making the deed conclusive evidence has no reference to the levy of an unauthorized tax; it only applies to the various proceedings required by the revenue law. It cannot cure a defect of this character. Must be strictly construed. *Hinman* v. *Pope*, 1 Gilman, 131; *Steadman* v. *Planters' Bank*, 2 Eng. 424; *Battison* v. *Budd*, 17 Ark. 556.

3. The district tax was levied under the act of the Board of Education, and not under the legislative act of 1858. It is therefore unconstitutional, and the sale thereunder void. Art. 9, sec. 10, Constitution.

4. Whenever any one tax upon which a sale of property is based be unauthorized, the sale must be void, notwithstanding it may be also based upon valid taxes. There can be no separation of the good from the bad in these cases. West. Jurist, vol. 2, p. 81; *Case* v. *Dean*, 16 Mich.; *Huse* v. *Merrriam*, 2 Greenl. 375; *Joyner* v. *Third School District*, 3 Cush. 567; *Kemper* v. *McClelland*, 19 Ohio, 324; *School District* v. *Merrills*, 12 Conn. 437; *Euvell* v. *Shaw*, 1 Greenl. 335; *Torrey* v. *Millbury*, 21 Pick. 70; *Bangs* v. *Snow*, 1 Mass. 188; *Drew* v. *Davis*, 10 Vt. 506; *Thurston* v. *Little*, 3 Mass. 429, 433; *Dillingham* v. *Snow*, 5 Mass. 547; *Stetson* v. *Kempton*, 13 id. 283; *Libby* v. *Burnham*, 15 id. 144; *Doe* v. *McQuil-*

Eldridge v. Kuehl.

*kin,* 8 Blackf. 335, 581 ; *Hayden* v. *Foster,* 13 Pick. 492 ; *Lacey* v. *Davis,* 4 Mich. 140.

VI. Section 762 does not apply to any of these questions.

1. It does not cure the irregularity of the assessment to Mossman, because that makes the whole tax illegal. It only applies to irregularities in the levy and assessment of the taxes, not to the listing. To make it curative of defects already existing would make it retrospective. West. Jurist, vol. 2, p. 81.

2. Does not apply to the railroad and district tax, the levy of which was not a mere irregularity or error, but an unwarranted exercise of power without authority of law.

3. The section is unconstitutional, because property sold for illegal taxes is taken without due process of law. Every person has a vested right to all property not legally required for the support of the government. To sell property for an illegal tax, causes a greater quantity to be taken than is necessary.

VII. The treasurer's deed to Corbin is void because it shows on its face that the sale did not take place at the time fixed by the law, and there is no recital in the alleged deed nor proof by the defendant to bring it within the exception of section 776. *Hogins* v. *Brashears,* 8 English, 251 ; *Conrad* v. *Darden,* 4 Yerg. 307 ; *Allen* v. *Armstrong,* 16 Iowa, 514 ; *Boardman* v. *Bourne,* 20 id. 135 ; *Hope* v. *Sawyer,* 14 Ill. 254 ; *Polk* v. *Hill,* 15 id. 130 ; *Essington* v. *Naill,* 21 id. 142 ; Blackwell on Tax Titles (2d ed.), p. 49, 268.

VIII. If the defendant's grantor entered into a fraudulent combination with other persons to buy large tracts of land for their joint benefit, at the tax sale, he alone being the bidder, or if by his conduct he prevented or deterred competition with him at said sale, the sale of

the lands so bought by him is void. *Dudley* v. *Little*, 2 Hammond, 504; Blackwell on Tax Titles (2d), 398; Story's Eq., sec. 293; *Jones* v. *Caswell*, 3 Johns. Cas. 29; *Doolin* v. *Ward*, 6 Johns. 194; *Wilbur* v. *How*, 8 id. 346; *Thompson* v. *Davis*, 13 id. 112; *Howard* v. *Castle*, 6 Term, 646; *Bexwell* v. *Christie*, Cowper, 395.

IX. The plaintiff showed in evidence that the tax warrant, under which the sale was made, was signed by "Ira M. Gifford, Acting County Judge." This cast the burden upon the defendant to prove that there was a necessity for such signature by reason of a vacancy in the office of county judge, or the absence, inability or interest of that officer. Failing to do this, it was error in the court below to instruct the jury "that the said tax deed is valid and binding, and conveyed the title to the property in question to the said Corbin." *Corbin* v. *Hill*, 2 Iowa, 72; *Hannell* v. *Smith*, 15 Ohio, 134.

X. Plaintiff offered to show in evidence that the land was assessed by the assessor at a valuation of $560, and that the taxes were levied thereon at a valuation of $616.

This would have been sufficient to make the sale void, or at least would have cast the burden on defendant to show that the change in valuation was legally made.

It was error, therefore, in the court below to exclude said evidence, and to instruct the jury that the said tax deed conveyed the title to the property in question to the said Corbin. *Joyner* v. *Third School District*, 3 Cushing, 567; *Mason* v. *Roe*, 5 Blackf., 98; *Doe* v. *McQuilkin*, 8 Blackf. 335; *Huse* v. *Merriam*, 2 Greenf. 375.

*H. R. & E. Claussen* and *Davison & True* for the appellee presented elaborate oral and printed arguments, in the course of which, as to the point involving the construction of the section of the Revision relating to the question of limitation, they cited *Parish* v. *Stevens*, S. &

R. 298; *Robb* v. *Bowen*, 9 Barr. 71; *Pillow* v. *Roberts*, 13 How. 477; § 3601 of the Revision. As to the power of the legislature to make a tax deed conclusive evidence of the regularity of prior proceedings, and respecting tax sales generally, cited *Gwynne* v. *Neiswanger*, 18 Ohio, 400; *Hand* v. *Ballou*, 2 Kern. 543; 1 Greenl. Ev. §§ 15, 32; *McCarroll* v. *Weeks*, 2 Tenn. 215; *State* v. *Allen*, 2 McCord, 56; *Harris* v. *Wood*, 6 Munroe 643; *Doe* v. *Devours*, 11 Geo. 79; 6 Missouri, 64; *Bergen* v. *Clarkson*, 1 Halst. 352; *Livingston* v. *Moore*, 7 Pet. 669; Sedgwick on Const. Law, 352.

COLE, J. — I. The plaintiff introduced in evidence the patent from the United States, together with conveyances showing title in himself, and then rested his case. The defendant then offered in evidence a treasurer's tax deed, dated December 6, 1864, from John Collins, treasurer of Scott county, to Austin Corbin, the defendant's grantor, purporting to convey the land in controversy, which deed was filed for record the same day and duly recorded. This deed was in the precise form prescribed by Rev. § 783, but it stated that the sale was begun and publicly held on the first Monday of December, A. D. 1861, instead of the first Monday in October, as provided by section 763; it also showed the sale of the whole eighty acres, now in controversy, together in the lump.

*1. TAX SALE: time of: when authorized by law.*

The plaintiff objected to the introduction of this deed, because, first, the said deed is void upon its face, in that it appears by the deed that the sale was made at a time not authorized by law; second, the deed shows upon its face the sale in gross of eighty acres of land; third, the deed is not admissible in evidence until proof has been made of the several steps required by the law to be taken before the sale, and necessary to the exercise of the taxing

power and to the execution of the powers conferred by the law upon the officers. But the objections were over-ruled by the court and the deed admitted. The plaintiff duly excepted, and now assigns error thereon.

The first ground of objection is, that the deed shows the sale was made at a time not authorized by law. This objection is not well founded. It is true that Revision, section 763 provides that on the first Monday of October in the year 1860, and in each year thereafter, the county treasurer is required to offer at public sale, etc., all lands, etc., upon which the taxes are delinquent. But section 776 provides that if, from neglect of officers to make returns, or from any other good cause, real property cannot be duly advertised and offered for sale on the first Monday of October, it shall be the duty of the treasurer to make the sale on the first Monday of the next succeeding month in which it can be made, allowing time for the publication, etc. The sale was made, therefore, at a time authorized by law. This objection is not that the facts authorizing the sale at a time other than the first Monday in October were not shown by recital or proof, but that it was at a time *not authorized by law*. As we have already seen, the statute did authorize the sale at the time it was made.

As to the second ground of objection, that the deed shows upon its face the sale in gross of eighty acres of 2. — of tracts land, we need only remark that such a sale greater than forty acres. has been held good, where the land is listed and assessed to an owner. *Corbin* v. *De Wolf*, 25 Iowa, 124. Such a sale being rightful and proper in cer tain cases, and nothing appearing to show it improper in this case, this objection was properly overruled.

The third objection, as above stated, is based upon this reasoning, to wit: so much of section 784, as declares the treasurer's deed *conclusive* evidence that all the pre-requisites of the law to make a good and valid sale, and

vest the title in the purchaser, were done, except as to the three particulars of the liability of the land to taxation, the non-payment of taxes and the non-redemption from sale, is unconstitutional and void; that the declaration that the deed shall be "conclusive evidence" being inoperative, and there being no statutory declaration that it shall be *prima facie* evidence, the deed stands as at common law, and proof must first be made of the facts authorizing it before the deed itself can be introduced.

One member of the court (WRIGHT, J.) was necessarily absent during the argument of this case; and as the decision of the constitutional question as made is not absolutely necessary in order to the disposition of the case, we forbear any expression of opinion thereon. In so doing, we follow the rule in such cases, as laid down in *McClure* v. *Owen* (21 Iowa, 133), and the authorities there cited.

The statute itself makes the deed *prima facie* evidence of certain facts; and since the deed was competent to prove these, it was not error to admit it. See *Allen* v. *Armstrong*, 16 Iowa, 508.

II. The plaintiff introduced a witness and offered to prove by him that, at the sale recited in the treasurer's deed, the said Austin Corbin, the purchaser at said sale, by his conduct prevented competition with him by the bidders present in reference to many pieces of land bid for by him, etc., etc. To this evidence the defendant objected because it was immaterial, and excluded by limitation and by the conclusiveness of the tax deed; which objections were sustained and the evidence excluded. This ruling is now assigned as error.

3. —— miscon-
duct of pur-
chaser: evi-
dence.

There was no error in excluding the evidence on the ground of immateriality. It was wholly immaterial as to what arrangements the purchaser of the tract of land

in controversy may have made "in reference to many pieces of land," unless his arrangements or conduct extended to the tract in controversy; and there was no offer to connect it with that piece in any way whatever. Whether such defense, even if it was connected with this particular piece of land, could be made as against a *bona fide* grantee for value, and without notice of it, may well be questioned. But it is not necessary to decide that point in this case.

III. The plaintiff then offered the return of the assessor for the township, showing that while the land was assessed at $560 it was taxed at the rate of $616; and also offered the collector's book, showing that part of the tax for which the land was sold was a "railroad tax," to levy which there was no authority of law, the bonds and coupons being void, and that a part was for a "district tax," not levied according to law, and that the tax was computed on the value of $616, instead of its assessed value, $560 ; and also offered in evidence the "minute book" from the county judge's office to show the same facts. To the introduction of each of which the defendant objected for the same reasons as above stated, and the court sustained the objections and excluded the evidence. To which ruling the defendant excepted, and now assigns the same as error.

The alleged error in assessment was immaterial, since it could not affect the title conveyed by the treasurer's deed. It is expressly provided by section 753 that no irregularity, error or omission in the assessment shall affect in any manner the legality of the taxes levied thereon, or the right or title of any real property sold for the non-payment of taxes, etc. So also of the offered proof as to the illegal and improper taxes. Section 762 provides for the correction of illegal and erroneous taxes,

and also that a sale for any such shall not affect the title conveyed by the treasurer's deed, provided any portion of the taxes for which the land was sold was legal.

IV. The only remaining question arises upon the statute of limitations embraced in the revenue law. " Section 790. No action for the recovery of real property, sold for the non-payment of taxes, shall lie, unless the same be brought within five years after the date of the sale thereof for taxes as aforesaid (anything in the statute of limitations to the contrary notwithstanding); *provided*, that when the owner or owners of such real property sold as aforesaid shall, at the time of such sale, be minor or minors, or insane, five years after such disability is removed shall be allowed such person or persons, their heirs or legal representatives, to bring their suit or action for recovery of the real property so sold." This section is substantially a copy of the Pennsylvania statute of April, 1804, which is copied in the opinion of the court in the case of *Waln* v. *Shearman*, 8 Serg. & Rawle, 357.

*6. STATUTE OF LIMITATION: when it commences to run.*

The District Court held, in this case, that the statute began to run from the date the treasurer struck off the, land to the bidder therefor, and that more than five years having elapsed since said date, the plaintiff could not maintain the action.

The word " sale " is defined by Bouvier in his law dictionary to be "an agreement by which one of the contracting parties, called the seller, gives a thing and passes the title to it, in exchange for a certain price in current money, to the other party, who is called the buyer or purchaser; who, on his part, agrees to pay such price." Any thing short of passing the title is but an agreement to sell; but, while this is the strict legal or technical meaning of the word " sale," it is evident that the word is used a great number of times in our revenue act, in a

more liberal and general sense, and is applied to the act of striking off the property by the treasurer to the bidder. Indeed, our attention has not been called to a single instance in the entire statute where it is used in any other than such liberal and general sense, unless it be in the section on limitation, as above quoted.

In order to justify giving to that word, then, a different meaning in this section from what it manifestly has in the other sections, we must have some strong and over-ruling necessity, or a plain and manifest intent, to use it in such different sense.

All statutes of limitations must proceed on the idea that the party has had opportunity to try his right in the courts. Cooley on Const. Lim. 366.

The striking off of the real estate to the highest bidder, and the giving to him a certificate of purchase thereof, does not invest him with any *title to* or *interest in* such real estate, but simply a lien upon it for the taxes, interest, costs, penalties, etc. *Williams* v. *Heath*, 22 Iowa, 519. No ordinary action, for the recovery of such real property, could therefore be brought against the holder of such certificate. Rev. § 3569. Nor, indeed, could the owner know who was the holder and owner of such certificate at any time after its delivery, for they are assignable, and such assignment vests the assignee with all the rights of the original purchaser. § 778. This condition of affairs *must* continue for three years; for, until then, the purchaser has no right to any thing else evidencing his interest, except the certificate, and it may be assigned to a new owner each successive day or oftener. Not only so, but the purchaser or holder of the certificate *need not* then apply for or receive his deed; it is the duty of the officer (clerk) to deliver the deed "upon the return of the certificate." § 781. The purchaser or holder of the certificate may therefore keep it in his own

Eldridge v. Kuehl.

pocket until the five years have elapsed, and then return it and take his deed. No prejudice to the holder of the certificate can result to him by the delay ; and, if he sees fit thus to delay, he could thereby deprive the owner of his property by the mere limitation and without an opportunity to try his rights in the courts." It follows, therefore, if there is no other section than 3569 authorizing an " action for the recovery of real property," that the section limiting the action to " five years from the day of sale " would be unconstitutional, for that it would or might deny to the owner an opportunity to try his right in the courts," unless the word " sale," as therein used, means a completed sale ; that is, a conveyance of the title. In other words, if the five years runs from the day the real estate is struck off to the bidder, the owner would be barred his action before any title would be vested in another, and that, too, without any right of action before the bar attached. Such a construction ought not to be adopted, because it would make the statute of limitation both unjust and unconstitutional. These results can be avoided by holding that the word " sale " is used in its legal sense. Thus construing the statute, it would give to the owner five years from the delivery and recording of the deed whereby the title becomes vested in the purchaser, in which to bring his action. This is a reasonable construction of the language used, and avoids the unjust and unconstitutional results above specified. These may be properly called strong and overruling reasons for giving to the word " sale," in the section quoted, a meaning different from that which it manifestly has in other sections.

But, it is argued, that our statute does give another remedy for the recovery of real property than that provided in section 3569. We are referred, first, to another section in the same chapter (144), and which is entitled

"Actions for the recovery of real property."  " Section 3601. An action in the nature of that authorized in this chapter may also be brought by one having a reversionary interest, or by one either in or out of possession, against another who claims title to real property, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title." But it will be seen that this section only authorizes the action " against another *who claims title* to real property." The holder of a certificate does not " claim title." *Williams* v. *Heath, supra.* And, therefore, the holder of the certificate may delay taking his deed for the five years, and thereby in like manner defeat any action by the owner under this section, which was evidently intended to authorize the testing, by action, of the legal title, regardless of the fact of possession. So also of the next section, which is also incidentally referred to as giving a right of action. But it will be seen that the action therein provided, while it is broad and general as to who may be defendants, yet it can only be brought where, and "*if the plaintiff is in possession.*" Hence, we conclude that no other " action for the recovery of real property " is provided for such cases than by section 3569.

Our statute of limitations, as has been remarked, was borrowed from, or is substantially a copy of, the Pennsylvania statute. Where a statute is thus borrowed and adopted, the construction of it by the courts of the State from which it was borrowed will also be adopted. *Campbell* v. *Quinlan,* 3 Scam. 288; *Adams* v. *Field,* 21 Vt. 265; *Rigg* v. *Walton,* 13 Ill. 16; *The State* v. *Rowley,* 12 Conn. 101. In *Waln* v. *Shearman* (8 Serg. & Rawle, 357, *supra*), the Supreme Court of Pennsylvania held that the statute only commenced to run from the time *possession was taken* under the tax deed; and this, because no action could be brought for the recovery of real

property in that State, except against a party in possession. Afterward, and in 1824, the legislature authorized an action to be brought against a claimant though not in possession. The Supreme Court of Pennsylvania then held that the statute began to run *when the treasurer's deed was delivered. Robb* v. *Bowen* 9 Penn. St. 71. Under neither statute, do they hold that it begun to run from the day of sale, or striking off to the bidder; but only from the delivery of the deed. Under our statute, the title does not vest in the purchaser until the deed is "executed and recorded in the proper record of titles." § 785. When that is done, and not till then, will the statute begin to run. In other words, we hold that "five years from the day of *sale*," means a *completed sale*, which vests *the title* in the purchaser.

The District Court held that the statute of limitations commenced to run from the day of sale or striking off by the treasurer; and thus holding, refused an instruction asked by the defendant that the statute did not commence to run till the deed was duly delivered, etc., and instructed them that the tax deed was valid and binding, and conveyed the title to the grantee therein. As we have seen, this was error. The judgment of the District Court is

Reversed.