## ATKINS v. PAIGE.

1. **Tax Sale**: REDEMPTION FROM: STATUTE OF LIMITATIONS. An action to foreclose a right of redemption from tax sale was not barred, under the Code of 1851, until after ten years and six months from the time the purchaser became entitled to his deed, the statute not commencing to run until after six months from the time of completed sale.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

ACTION to foreclose a right of redemption from a tax sale. The property is in the city of Des Moines, and was sold under

a city ordinance December 21, 1863, for the taxes for years
1857, 1862 and the years included. This action was com-
menced February 17, 1877. The defendant derived title
through a sale made upon the foreclosure of a mortgage sub-
sequent to the tax sale. He claims that the action is barred
by limitation of time, and also that the tax claim was cut off
by the foreclosure. There was a decree for the plaintiff.
The defendant appeals.

*M. D. McHenry*, for appellant.

*Barcroft, Given & Drabelle*, for appellee.

ADAMS, J.—The defendant claims that at the time of the
sale there was in force a city ordinance by which the right
to bring an action to foreclose the right of re-
demption from a tax sale was limited to five years
from the time of sale, but the ordinance relied

1. TAX sale: re-
demption
from: statute
of limitations.

upon relates to an action for the recovery of real property,
and not to an action for foreclosure.

The defendant, however, claims that if the action is not
barred by ordinance it is by the statutory period of ten years.
The action was not brought within ten years from the time
the deed was due, but was brought within ten years and six
months from that time. The appellee claims that an action
for foreclosure could not have been brought before the expira-
tion of six months from the time the deed was executed, and
that the statute did not commence to run until the expiration
of six months from the time when it might have been exe-
cuted. In this we think that the appellee is correct. Chap-
ter 105 of the Acts of the Seventh General Assembly pro-
vided that the mode of making sales for city taxes effective,
and foreclosing the right of redemption, should be the same
as provided by the Code in case of sales by the county treas-
urer. The Code (section 506, Code of 1851) provided for
action for foreclosure at any time after six months from day
of sale. But, by ordinance, no deed could be made until

three years from the day of sale. Until it was made there was certainly no right of foreclosure, and until it was due the sale could not be regarded as completed. *Eldridge v. Kuehl*, 27 Iowa, 160; *Hintrager v. Hennessy*, 46 Iowa, 600. Under the provision of the Code referred to the statute would not, we think, begin to run until six months from the time of completed sale, or, in other words, until six months from the time a deed was due.

But the appellant claims, as an independent ground of defense, that the tax claim was cut off by the foreclosure of the mortgage. One Allen was the purchaser at the tax sale, and he was made defendant in the action for foreclosure. This fact constitutes the basis of the appellant's claim; but we see no evidence that Allen was the holder of the tax claim at the time of the foreclosure.

AFFIRMED.