J. E. FREEMYER et al., Appellants, v. TAYLOR COUNTY, IOWA, et al., Appellees.

No. 44240.

NOVEMBER 16, 1937.

Wisdom & Kirketeg, for appellants.

Roger Warin, for appellees.

MITCHELL, J.—This case is before us upon an agreed statement of facts.

Plaintiffs are the owners of certain real estate located in Taylor County, Iowa, which was sold at a tax sale on the 5th day of August, 1935, for the sum of $304.30, and purchased by Taylor County. There has been no redemption from the sale. No notice of expiration has been served and there is still time to redeem. This action was commenced in equity to set aside the sale, claiming that it had not been legally made because the County Treasurer continued the sale from the date upon which it was advertised to take place without setting a specific date, and there was no good cause for not holding the tax sale. It is conceded that legal notice was given of the sale which was held on August 5, 1935. It is the claim of the defendants that the County Treasurer had good cause for continuing the sale advertised and set for the first Monday in December of 1933, because of the economic conditions that then prevailed, and that an emergency existed, which was recognized by the legislative, executive and judicial branches of the government.

The lower court denied the relief prayed for and plaintiffs have appealed.

██ The first and all-important question which confronts us is whether or not the county treasurer of Taylor County had good cause to continue the sale.

Section 7244 of the 1935 Code provides for an annual tax sale. Section 7262 provides for subsequent sales, and is as follows:

"7262. Subsequent sale. If, from neglect of officers to make returns, or other good cause, real estate cannot be advertised and offered for sale on the first Monday of December, the treasurer shall make the sale on the first Monday of the next succeeding month in which the required notice can be given."

It will thus be noted that the Legislature specifically pro-

vided for subsequent sales in case there was good cause why the sale could not take place on the first Monday of December as provided by the statute, and that the sale could be continued until the "next succeeding month in which the required notice can be given."

This court, early in its history, had before it a question quite similar. In Eldridge v. Kuehl, 27 Iowa 160, at page 170 this court said:

"The first ground of objection is, that the deed shows the sale was made at a time not authorized by law. This objection is not well founded. It is true that Revision, section 763 provides that on the first Monday of October in the year 1860, and in each year thereafter, the county treasurer is required to offer at public sale, etc., all lands, etc., upon which the taxes are delinquent. But section 776 provides that if, from neglect of officers to make returns, or from any other good cause, real property cannot be duly advertised and offered for sale on the first Monday of October, it shall be the duty of the treasurer to make the sale on the first Monday of the next succeeding month in which it can be made, allowing time for the publication, etc. The sale was made, therefore, at a time authorized by law. This objection is not that the facts authorizing the sale at a time other than the first Monday in October were not shown by recital or proof, but that it was at a time *not authorized by law*. As we have already seen, the statute did authorize the sale at the time it was made."

In the case above cited the sale was to have taken place on the first Monday of October but did not take place until the first Monday of December. This court held that that was at a time authorized by law.

▊▊▊ Now, as to the facts in the case at bar that justified the county treasurer of Taylor County in continuing the tax sale.

We who have lived through the past few years know only too well of the conditions that prevailed in every part of Iowa. However, with the thought in mind that this case might be cited at some later time, when the distressing days of 1933, 1934 and 1935 have been forgotten and we of this time have passed on, we will set out a few of the facts.

In the fall of 1933 the price of farm products had reached the lowest level in the history of the state. Banks were unable to meet their obligations. The Legislature recognized this situ-

ation and passed special banking acts, providing that people could not withdraw deposits. Insurance companies, due to the terrific demands upon them, were unable to make loans. The Legislature passed a moratorium law, continuing foreclosures on real estate for a period of time. In October of 1933 the Hon. Clyde L. Herring, then Governor of the state of Iowa, issued a proclamation, informing the people of this state that a special session of the legislature would be called in November; and that the emergency which existed would constitute good cause for the postponement of the annual tax sale ordinarily held on the first Monday of December.

The board of supervisors of Taylor County, and the county treasurer, knew of this proclamation and joined with the Governor in the belief that it was to the best interests of the people of Taylor County to continue the tax sale. Knowing of the financial condition then confronting the people of the county the county treasurer continued the tax sale. During 1934 there was certain legislation passed by the General Assembly of Iowa, extending the time of payment of taxes without penalty. The courts of this state and the Supreme Court of the United States in decisions upheld this special legislation on the theory that an emergency existed. Thus we find the emergency during that period of time was recognized by the executive, legislative and judicial branches of the government. What better cause could there be for continuing a tax sale than that the people of the community, through no fault of theirs but due to a great economic depression, were unable to pay their taxes? Certainly, in view of this situation, the treasurer of Taylor County had good cause to continue the tax sale.

There is no question raised as to the notice of the sale which was held on August 5, 1935.

It is rather difficult to see what complaint appellants have, unless it is that they are now complaining because the county treasurer was too lenient. They concede that the tax was legally levied and that they owed same. They had a right to pay the tax at any time.

Certainly, in view of such a situation, they were not injured by the continuance of the tax sale.

It necessarily follows that the judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, PARSONS, RICHARDS, and SAGER, JJ., concur.