ALANSON ESTES, *et al.*, v. W. R. STEBBINS.

1. STATUTE OF LIMITATIONS, *in Tax-Title Cases.* The date of the record-ing of the tax deed is the time at which the statute of limitations begins to run in tax-title cases, and this time is not changed by the fact that the holder of the tax-sale certificate did not obtain and record his deed on the day he was legally entitled to it.

2. ———— The provision requiring fifty per cent. interest upon a re-demption from a tax sale, is not unconstitutional.

## Error from Atchison District Court.

EJECTMENT, brought by *Stebbins* against *Estes* and four others, to recover the possession of lot 12, in block 17, in old Atchison. Second trial in the district court, January 17, 1881, and judgment for the plaintiff. The defendants bring the case to this court. The facts appear in the opinion.

*H. M. Jackson*, for plaintiffs in error:

1. The tax purchaser cannot, at his own will, extend either the statute of limitations, or the time when it shall begin to run. If he can do so by delaying to take out his tax deed, he can do so by delaying to record his tax deed; and he can no more be protected from or by a voluntary delay, than by lapse of time induced by his own laches, or fraud, or conduct, which would lull the owner into repose. While the statute makes the "time of recording" the initial day of the limita-tion, still, courts have not hesitated to say that exceptions arise, when from fraud, laches, or other conduct of the party in fault, such party will be barred of his action, under the spirit of the act and the evident intention of the legislature. (5 Kas. 59–69; 20 N. H. 190; 26 Wis. 614, 621.)

The Pennsylvania statute of limitations barred the owner of the fee in case of sale for taxes, in five years after the *time of the sale,* but the supreme court held that in case of *unseated lands* the tax purchaser must take actual possession in order to start the statute; that the statute did not begin to run until such actual possession is taken; and that until five years

thereafter the tax purchaser was not protected: and this under a statute equally as positive in terms as our own. (*Waln v. Shearman,* 8 Serg. & R. 357.)

So when a demand is necessary before action brought, the claimant will not be permitted to extend the statute of limitations by failing to make demand. (11 Pick. ·111, 119; ·33 Iowa, 151.    See also 27 Iowa, 160; 46 id. 600.)

2. The judgment is excessive.    The court held that the plaintiff below was entitled to recover the amounts paid by him, together with fifty per cent. per annum thereon, to the date of the deed, March 20, 1879.

We hold that plaintiff could not of right recover such per cent. beyond the time when he became entitled to take out a tax deed, March 18, 1874.

The legislature intended that such per cent. should operate as an incentive to the owner to redeem, and did not intend it as the damage that the tax purchaser should receive for the use of his money, nor that it should continue at such per cent. beyond the time when the tax purchaser became *entitled* to a deed. (Gen. Stat. 1868, ch. 107, § 117.)

3. The statute providing that fifty per cent. per annum must be paid, in case of redemption, upon all taxes paid from the date of payment to the date of tax deed, is void.    Though designated as interest, still the amount is so excessive, and so disproportionate to the damages sustained, that it amounts to a penalty for the failure to perform a public duty, to wit, the payment of taxes. (22 Kas. 15; 7 N. W. Rep. 165; 25 Wis. 271, 276;' Cooley on Taxation, 315.)

*Mills & Wells,* for defendant in error:

1. The judgment should be affirmed, upon the authority of *Fairbanks· v. Williams,* 24 Kas. 16, sustaining the relief sought in this case; and *Corbin v. Young,* 24 Kas. 201, as to the rate of interest in such cases.

2. But the judgment is challenged upon a question of the statute of limitations, which is supposed to spring from the facts found.    Does the statute commence to run from the day

the purchaser is first entitled to have a deed issued? Or is it from the time the deed is in fact issued and recorded? As to which period of time the statute shall commence to run, the legislative will is supreme. That will, as expressed in this state, is not ambiguous. Plain words, which have no double meaning, are used. "An action for the recovery of real property sold for taxes, within two years after the date of the recording of the tax deed." (Code, §16, subdiv. 3.)

No cases have been cited, and we think none can be found, which hold, under a statute like the above, that the action must be brought within two years from the day the clerk first had the right to issue the deed.

Concerning the cases cited by counsel for plaintiffs in error, and claimed to have a bearing on the law of this case: The statute of Pennsylvania limited the action to *five years from the day of sale;* and under this statute, it was held in an early case that as the action of ejectment would not lie against a vacant or unoccupied tenement, the statute should be construed not to commence to run until the premises were occupied, upon the principle that it could not have been intended to apply to a condition of affairs that precluded the right of action. (*Waln v. Shearman*, 8 Serg. & R. 357.)

Subsequently, however, when the right to maintain ejectment for unoccupied premises had been conferred by statute, it was held that the statute began to run in favor of the purchaser at the time the sale was perfected by deed, he being constructively in possession from that time. (9 Pa. St. 71; 20 id. 25; 56 id. 385; 67 id. 48.)

Cooley, in his work on Taxation (p. 378), says: "These decisions have perhaps given effect to the statute as near as was possible consistent with fundamental rules of right."

The laws of Kansas provide that a party placing on record a tax deed has the constructive possession of vacant land, and authorize a suit by the owner to recover possession and test the validity of the deed. (Comp. Laws 1879, ch. 107, §143.)

The earlier statute of Iowa was borrowed from Pennsylvania. The word "sale" being a broad term, the question

arose, whether it meant when the land was struck off by the treasurer at the sale, or whether it should be construed to mean when the sale was completed by deed; and it was held that the *sale* was not completed until the deed was issued and recorded. (27 Iowa, 160.)

In the case of 46 Iowa, 600, it is interesting to note the language of the court referring to the decision in 27 Iowa, 160. The court says: "This decision (27 Iowa) does not necessarily determine when the statute begins to run as to the purchaser, nor does the reasoning on which it is based include him." (46 Iowa, 601.) And in same case, page 602, the court uses this language: "It is unnecessary to determine whether the statute begins to run at the *sale*, or when the plaintiff's *right* to a deed culminated. The statute uses the word 'sale,' and nothing whatever is said as to the deed or its execution." The words quoted strip from the decision all force as affecting the case at bar, if it could be said to be in point without them. Its utterance seems to be upon the principle that the sale is completed when the purchaser's right to a deed becomes perfect.

3. The fifty per cent. is not a penalty, but interest allowed the purchaser to induce parties to invest their money at tax sales as a means of collecting the public revenue. The power of the legislature to establish the rate of interest which shall be received by the purchaser on the taxes by him paid, cannot be questioned. (Cooley on Taxation, 34–38; 30 Mich. 202–212; 24 Kas. 202; 15 id. 295.)

The opinion of the court was delivered by

BREWER, J.: Defendant in error commenced this suit, by petition, in the Atchison district court, on the 4th day of June, 1879, to recover possession of lot 12, block 17, old Atchison, Kansas. Plaintiffs in error answered, denying title of defendant in error, and pleading the statute of limitations — of fifteen years, also of five years, and also of two years; reply filed, denying new matter of answer.

A second trial in ejectment was had January 17, 1881,

when it was admitted that the title in fee to the property was in the defendants below, and that they had been in the continued, actual and open possession of such lot for more than twenty years; that plaintiff claimed title under a tax deed executed and recorded March 20th, 1879, upon a sale for taxes of the year 1870, made May 17th, 1871, upon which sale the plaintiff below became entitled to a tax deed May 17th, 1874, and such tax deed and rights thereunder, (if such deed had been obtained and recorded at the time at which plaintiff below became entitled to such deed,) would have been barred under the statute of limitations on May 18th, 1876. Plaintiffs in error assert that the defendant in error was barred as fully as if the deed had been executed and recorded at the time defendant became entitled to the same; that defendant could not, at his own will, extend the time in which to bring suit, by failing to take out and record a tax deed, which it was the duty of the county officials to execute upon presentation of the sale certificate. It is conceded that the letter of the statute is with the defendant in error. That names two years from the "date of the recording of the tax deed." We see nothing to justify the courts in engrafting any exception. The language is clear. It applies without difficulty to the facts of this case. Indeed, to make the statute commence at the date of the deed, or at the time the party was entitled to a deed, as counsel insists, would be more than engrafting an exception — it would be making a new statute. It would be as proper to change the number of years as the date of commencement. The authorities cited from Pennsylvania and Iowa do not sustain the contention of counsel in this case.

The statute of Pennsylvania limited the action to five years from the day of sale; and under this statute it was held in an early case that, as the action of ejectment would not lie against a vacant or unoccupied tenement, the statute should be construed not to commence to run until the premises were occupied, upon the principle that it could not have been intended to apply to a condition of affairs that precluded the

right of action. (*Waln v. Shearman,* 8 Serg. & R. 357.) Subsequently, however, when the right to maintain ejectment for unoccupied premises had been conferred by statute, it was held that the statute began to run in favor of the purchaser at the time the sale was perfected by deed, he being constructively in possession from that time. (*Robb v. Bowen,* 9 Pa. St. 71; *Sheik v. McElroy,* 20 Pa. St. 25; *Stewart v. Trevor,* 56 Pa. St. 385; *Rogers v. Johnson,* 67 Pa. St. 48.)

Mr. Justice Cooley, in his work on the Law of Taxation, says: "These decisions have perhaps given effect to the statute as near as was possible consistent with fundamental rules of right." (Cooley on Taxation, 378.)

The laws of Kansas provide that a party placing on record a tax deed has the constructive possession of vacant land, and authorize a suit by the owner to recover possession and test the validity of the deed. (Comp. Laws 1879, ch. 107, § 143.)

The earlier statute of Iowa was borrowed from Pennsylvania. The word "sale" being a broad term, the question arose, whether it meant when the land was struck off by the treasurer at the sale, or whether it should be construed to mean when the sale was completed by deed; and it was held that the sale was not completed until a deed was issued and recorded. (*Eldridge v. Kuehl,* 27 Iowa, 160.)

In the case of 46 Iowa, 600, it is interesting to note the language of the court referring to the decision in 27 Iowa, 160. The court says: "This decision (27 Iowa) does not necessarily determine when the statute begins to run as to the purchaser, nor does the reasoning on which it is based include him." (*Hintrager v. Hennessy,* 46 Iowa, 601.) And in the same case, page 602, the court uses this language: "It is unnecessary to determine whether the statute begins to run at the *sale,* or when the plaintiff's *right* to a deed culminated. The statute uses the word 'sale,' and nothing whatever is said as to the deed or its execution."

These cases went off upon the questions of the applicability of the statute and the interpretation of a word. Where no one was in possession, ejectment would not lie, and a party

might by lapse of time be cut off without his day in court. Hence the Pennsylvania courts properly held that the statute did not apply to vacant lands, for if it did apply, it would be unconstitutional. In Iowa the same principle was recognized. But here the statute is applicable; its language is clear; the date is precise; and construed according to its letter, it is constitutional. Hence courts have no right to vary its letter.

The cases of *Fairbanks v. Williams*, 24 Kas. 16, and *Corbin v. Young*, 24 Kas. 201, dispose of the other questions raised by counsel. It is however insisted, notwithstanding those decisions, that the statute giving fifty per cent. interest is unconstitutional. We quote from counsel's brief: "The statute providing that fifty per cent. per annum must be paid, in case of redemption, upon all taxes paid from the date of payment to the date of tax deed, is void. Though designated as *interest*, still the amount is so excessive, and so disproportionate to the damages sustained, that it amounts to a penalty for the failure to perform a public duty, to wit, the payment of taxes."

We cannot concur in this claim. It is simply interest which is charged; it must be large, to induce payment of taxes, and it cannot be said to be so excessive as to be beyond the power of the legislature to impose.

Nothing else appearing in the case, the judgment will be affirmed.

All the Justices concurring.