37    657
f77    51

HENRY GEER, *et al.*, v. LUTHER A. THRASHER.

1. TAX-TITLE HOLDER—*Amount of Recovery.* In an action by a tax-title holder to recover possession of land sold for taxes, from the owner, the tax-title holder having procured successive deeds on the same sale, the first of which was adjudged to be void on its face, and the second was held *prima facie* good, but the notice of redemption was defective, the tax-title holder is entitled to recover the full amount of all taxes paid upon said land, with all interest and costs as allowed by law, up to the date of the second deed.

2. TAXES—*Lien, Saved.* In such a case, the sale having been made on the 3d day of September, 1878, and the second deed executed on the 27th day of June, 1884, the lien for taxes is saved by § 175, ch. 107, Comp. Laws of 1885.

42 — 37 KAS.

*Error from Allen District Court.*

EJECTMENT, by *Thrasher* against *Geer* and wife. November 14, 1885, the court adjudged certain taxes paid by plaintiff to be a lien on the land in controversy. To reverse this judgment the defendants bring the case to this court. The opinion contains a sufficient statement of the facts.

*Hutchings & Keplinger*, for plaintiffs in error.

*H. W. Talcott*, for defendant in error.

Opinion by SIMPSON, C.: This was an action of ejectment, commenced in the district court of Allen county, by Thrasher, to recover from Geer and wife possession of certain real property. It was tried by the court, a jury being waived. The findings of fact are as follows:

"1. The defendants are and at the time of the commencement of this action were in the possession of the premises mentioned in the petition, viz.: All that part lying east of the center of the Neosho river, included in lands bounded as follows, to wit: commencing at a point 51½ rods south of the northeast corner of the northeast quarter of section twenty-one, in township twenty-four, range eighteen, in Allen county, Kansas, thence running south 28½ rods, thence west 56 rods, thence north 28½ rods, thence east 56 rods, to place of beginning; and the said lands were subject to taxation.

"2. The rights of plaintiff are by virtue of the two tax deeds, and the sale certificate offered in evidence.

"3. The notice of the tax sale upon which said deeds are based was published in four successive issues of a weekly newspaper, published and of general circulation in Allen county, state of Kansas; the first of which was published on the 20th day of July, 1878, and the last was published on the 10th day of August, 1878.

"4. The final tax notice upon which said deeds were issued, was as follows: 'Whereas, the following lands and town lots, situated in the county of Allen, and state of Kansas, have been sold for taxes for the year 1877, and the other taxes then due and unpaid, to wit, on the 3d day of September, 1878, and the following days, to include the 5th day of September, 1878; and whereas said lands and town lots have not been redeemed

from said sale as required by law, now, therefore, notice is hereby given that unless said lands and town lots are redeemed on or before the second day of September, 1881; and the following days, to include the 5th day of September, 1881, the same will be subject to conveyance by tax deed.' The costs of redemption are figured for three years from the day of sale. The remainder of said notice was as required by law.

"5. Said notice was first published April 8, 1881, and last published April 29, 1881, and was duly posted as required by law."

The court, as its conclusions of law, found as follows, to wit:

"The defendants at the time of commencement of this action were the owners and entitled to the possession of the premises in controversy; that the final tax notice upon which the said deeds were issued was insufficient in law, and the deeds issued thereon were invalid, and insufficient to convey title to plaintiff."

To each of said conclusions of law the plaintiff excepted. The court adjudged that the defendants go hence without day, and that they recover their costs and charges in this behalf expended, taxed at $7.40; to which judgment the plaintiff excepted. Thereupon plaintiff filed his motion for a new trial, which motion upon due consideration was overruled by the court; to which ruling the plaintiff excepted, and thereupon moved the court to determine the amount of taxes heretofore paid out by him, together with interest, penalties and costs due thereon, and that the same be declared a lien on the premises in controversy. And thereupon said cause coming further on to be heard upon the application of plaintiff for the benefit of the provisions of § 142, chapter 34, Laws of 1876, and upon the consideration of the evidence, the court found the following facts:

"1. That on August 12, 1882, a tax deed for the land in controversy was executed to plaintiff, which was void *prima facie* by reason of the omission of recital of facts necessary to validity of sale, and which said omitted facts really existed, and the county clerk should have stated them in said deed, but by accident he failed to do so; and that afterward, on the 27th day of June, 1884, a second deed, valid *prima facie* and

containing the facts by accident omitted from the first deed, and based on the same sale, was executed to plaintiff, which deed was the basis of plaintiff's attempted recovery in this action.

"2. That by allowing plaintiff to recover fifty per cent. interest, as provided in law, (Laws of 1876, ch. 34, § 142,) down to the date of said second deed, plaintiff would be entitled to recover payment from defendants of the sum of one hundred and twenty-four and $\frac{29}{100}$ dollars.

"And as conclusions of law, I find that interest should be computed to the date of the second deed; and plaintiff is entitled to a lien on said land to secure the payment of said sum of $124.29."

To the conclusions of law, so far as the same allow recovery of interest to the date of the second rather than to the date of the first tax deed, defendants excepted, and moved the court to set the same aside aside, which motion the court overruled, to which defendants excepted; and thereupon, upon motion of plaintiff, the court ordered, adjudged and decreed that the premises mentioned in the petition be charged with a lien to secure the payment of said sum of $124.29, and that, unless the same be paid within two months, said land be sold according to law as on special execution, and the proceeds applied in payment of said sum to plaintiff; to all of which the defendants excepted.

The only assignment of error is, that the court erred in computing interest on the amount of taxes at fifty per cent. per annum to the date of the second deed — the contention of the plaintiffs in error being that it should have been computed only to the date of the first deed. The first tax deed was executed August 12, 1882; the second, June 27, 1884. The first tax deed issued to the defendant in error was void *prima facie*, by reason of the omission to recite facts necessary to its validity that really existed; and the county clerk should have recited them in the deed, but by accident failed to do so. The second tax deed contained all the facts omitted in the first, and this deed was the basis of this action. The solution of the question involves the amount of interest at fifty per cent. per annum, for one year, ten months, and fifteen days; and it de-

pends largely on the construction of the words "with all interest and costs as allowed by law up to the date of said tax deed," as used in § 142, chapter 107, Compiled Laws of 1885. The sale for taxes upon which the deed is based was made on the 3d day of September, 1878, and when the party redeeming was required to pay fifty per cent. interest. The first proposition of counsel for the plaintiffs in error is, that the statute contemplates but one deed, and it is made the duty of the clerk to execute it when the certificate of sale is presented; that if, in the performance of that duty by the clerk, any mistake or omission occurs that renders it necessary to execute another or a second deed, it is in legal contemplation the deed executed in pursuance of the statutory duty of the clerk on the presentation of the certificate; that there can be but one valid deed, and that the date of the deed is fixed by statute at the time of presentation of the certificate; that any successive deed relates back to the date of the first deed made at the time of the presentation of the certificate; that if this construction of the statute is not adopted, then the clerk is given the power to indefinitely prolong the date of the deed, and thus impose an additional liability on the part of the original owner to continue to pay the fifty per cent. interest beyond the time fixed by law. It seems to us that there is not much room for contention in respect to the true meaning of the tax law. Thrasher was the holder of this tax deed. He was defeated in an action by him for the recovery of the land sold for taxes, because his tax deed (the second one, not the first one) was invalid for certain reasons; and these parties were adjudged to pay to him the full amount of all taxes paid upon such lands, with all interest and costs as allowed by law, up to the date of said tax deed — the second deed, the one under which he claimed title in this action, the one he offered as evidence of title, the tax deed under and by virtue of which he brought his action and claimed possession.

This is the natural construction, and the evident meaning of the legislature, as well as the equitable view of the statute as between the original owner and the party claiming by tax

deed. It is well said in the brief of the defendant in error, that it is within the power of the owner of the land to stop all interest and costs, by the payment of taxes, or by a speedy redemption after sale. The man who permits his land to be sold for the non-payment of taxes is "not free from blame." The law offers extraordinary inducements to purchasers at tax sales, in the way of a large interest, to the end that the revenue necessary to support the state and county governments shall be speedily collected; and yet the owner can stop the interest at any moment by payment or redemption. If an onerous burden is imposed by the statute, it operates only on a class who own property and fail to comply with its plain require-ments as to the payment of taxes thereon. Section 143 of the tax law provides:

"And in all cases where different or successive tax deeds upon the same sale shall be put on record by the same party, . . it shall be deemed and held that all rights which might otherwise be claimed under all or any tax deeds prior to the last one put on record, shall be deemed and held to be waived and considered as merged in such last tax deed so put on record."

This part of the section has been construed by Chief Justice HORTON, in the case of *Austin v. Jones,* ante, p. 327, (same case, 15 Pac. Rep. 166,) as fixing and determining all the rights of the tax-title holder, in cases where successive deeds have been made on the same sale. The logic of that construction is, that the rights of the tax-title holder must be determined by the last deed. What rights are they? They are to re-cover the land if the owner is in possession, as was attempted in this action; to defend his possession if he has taken it; if he is beaten in an action brought by or against him, to have the owner adjudged to pay him the full amount of taxes paid, with all interest and costs, up to the date of his deed, as the statute expressly declares that all his rights are merged in his last deed. This seems conclusive as to the first reason assigned.

The other proposition, urged with force and ingenuity, is this: That as more than four years had elapsed from the

time of the tax certificate before the tax deed was executed, (if we consider the second deed as the one under which the defendant in error is entitled to interest,) then under the operation of § 172, chapter 107, Compiled Laws 1885, the lien is lost. Section 175 provides that —

"Nothing herein shall be construed to impair the lien for taxes on real estate deeded for delinquent taxes, in case the deed shall from any cause fail to pass a title to such property."

This section, it seems, has application to the state of facts presented here, and conclusively disposes of that cause of error.

We think that the second deed is the one referred to in § 142, and that § 175 preserves the lien. We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.