John W. Tweedell *et al.* v. William Warner.

43    597
80    268
80    269

1. **Judgment** *on the Pleadings, Not Authorized.* An answer in an action of ejectment that alleges with particularity the execution of the tax deed and all anterior proceedings; and that they are all in due and legal form; and there are attached copies of several tax deeds as exhibits and as a part thereof; and it appears that the tax deeds are void on their face, the allegations as to legality being inconsistent with the exhibits, does not authorize the trial court to render a judgment for such defendant on the pleadings, when the plaintiff files an unverified reply containing a general denial.

2. **Tax Deed** — *First Merged in Second* — *Limitation of Action* — *No Question.* Where a tax deed is taken out on the 7th day of April, 1876, on a sale made in May, 1871, and is deemed by the party holding the same to be void, and he procures the execution of another tax deed for the same sale, on the 23d day of February, 1887, *held*, that

under ¿ 143, chapter 107, Compiled Laws of 1885, the first deed was merged in the second; and as he pleaded the last deed in an action pending at the time the last deed was executed, in which he was a defendant, as a defense, no question of the statute of limitations could arise.

*Error from Johnson District Court.*

EJECTMENT. The material facts are stated in the opinion. Judgment for plaintiff *Warner*, at the September term, 1887. The defendants, *Tweedell* and two others, bring the case here.

*A. Smith Devenney*, for plaintiffs in error.

*I. O. Pickering*, for defendant in error.

Opinion by SIMPSON, C.: Action in ejectment, by William Warner against J. W. Tweedell *et al.*, to recover possession of forty acres of land, and for rents and profits. The petition is in the usual form. The defendants filed an amended answer, by consent, in which they alleged that the land in controversy was subject to taxation for the year 1870; that the same was lawfully assessed for that year, and taxes lawfully levied; that the land was lawfully and regularly advertised and sold for the unpaid taxes for the year 1870; that John W. Sponable became the purchaser; that there was executed and delivered to Sponable a lawful and regular certificate of sale, and that after due and legal notice of redemption had been given, a tax deed was issued to Sponable in due form of law; that said tax deed was lawful in all respects, and the same was recorded; that Sponable afterward conveyed the land to Tweedell, who conveyed small parcels of the same to the other defendants; and that they had all been in the actual possession of the land for more than five years under said tax deed to Sponable. The tax deed to Sponable was made an exhibit to and a part of the answer of the defendants. To this answer there was filed an unverified reply, containing a general denial of the allegations contained in the amended answer. The case was tried by the court, a jury being waived, and the following special findings of fact were made and filed:

"1. The land in controversy, to wit, the N. E. ½ of the S. E. ¼

of sec. 1, town 12, range 23, in Johnson county, Kansas, was Shawnee Indian land, and was duly selected and patented by the government of the United States to David Deshane, a Shawnee Indian, on the 28th day of December, 1859.

"2. Said David Deshane afterward duly conveyed said land, by deed of general warranty, (against all persons except the U. S.,) to Joab Toney; said deed was dated December 17, 1869, and was duly approved by the secretary of the interior for the United States, May 2, 1871.

"3. Said John Toney and wife, Charlotte M. Toney, conveyed said land by deed of general warranty to Edward De Yeager, dated March 14, 1870; said deed was duly recorded on the 11th day of July, 1870; said deed was defective as to the names of some of the parties, and described the land as in township 11, when the land intended by both grantors and grantee to be conveyed was that first above described, being in township 12.

"4. Joab Toney and wife, Charlotte M. Toney, conveyed said land, by deed of general warranty to said Edward De Yeager, dated April 9, 1871, recorded January 7, 1874, which deed was made to correct the deed described in the third finding of fact from same grantors to said De Yeager for the same land.

"5. Said Edward De Yeager and wife conveyed said land, by deed of general warranty, to the plaintiff William Warner and William Burnett, on the 28th day of June, 1875, which deed was duly recorded on the 30th day of June, 1875.

"6. Said William Burnett and wife conveyed by quitclaim deed all their interest in said land to the plaintiff William Warner, on the 12th day of May, 1877, which deed was duly recorded on the 8th day of December, 1885.

"7. Said land was attempted to be assessed for taxation in the year 1870, but no county or state was given in said assessment, and the land was otherwise detectively and insufficiently described.

"8. Taxes were afterward levied against said land for the year 1870, and became delinquent; the delinquent tax list as published did not describe the land in controversy; did not state where the land would be sold; and there was no sufficient proof in the records showing that any publication had been made of delinquent taxes on the land in controversy for the taxes of said year.

"9. Said land was sold by the treasurer of Johnson county, on May 14th, 1871, to J. W. Sponable for the sum of $4.70,

which was said to be the whole amount of taxes, interest and costs then due and unpaid on said land.

"10. The whole amount of taxes, interest and costs then due and chargeable against said land, as shown by the tax-roll of said county for the taxes of said year, exclusive of printer's fee for printing the delinquent tax list, was $4.35.

"11. On the 5th day of January, 1871, the commissioners of Johnson county, Kansas, made a written contract with J. A. and H. F. Canutt, publishers of the Olathe *News-Letter*, a weekly newspaper printed and published in said county and of general circulation therein, by which the latter agreed to publish the delinquent tax list for the taxes of the year 1870, for the sum of three cents per description for all insertions; whatever publication was made of said delinquent taxes was under said contract; no more than three cents was paid by said county to said publishers for publishing the delinquent notice of said land for the taxes of the year 1870, for all insertions; but the sum of twenty-five cents was charged against said land for such publication, and included in the amount for which the same was sold, as aforesaid.

"12. The printer did not file his affidavit of publication of said delinquent tax list for more than fourteen days after the last publication, being April 13, 1871, and said affidavit was not made and filed until October 16, 1875.

"13. A tax deed, based upon said sale for delinquent taxes of 1870, was issued by the county clerk of Johnson county, Kansas, to J. W. Sponable, dated April 7, 1876, recorded June 19, 1876, which said deed recites on its face the sale of the following lands, to wit: The N. E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of sec. 1, in town 12, range 23, and the N.W. $\frac{1}{4}$ of the S.W. $\frac{1}{4}$ of sec. 6 and the S.W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of sec. 20, in township 12, range 24, and the N.W. $\frac{1}{4}$ of the N.W. $\frac{1}{4}$ of sec. 6, in town 13, range 24, containing 202 acres more or less, in gross; and said sale was held on the first Tuesday of May, 1872; the taxes of the year 1873 had been paid by the said John W. Sponable, and the consideration named in said deed was the sum of $157.59.

"14. The redemption notice as published does not describe the land in controversy as being in Johnson county, or in the state of Kansas, and the printer's affidavit does not show that such notice was published four consecutive weeks, and the affidavit of the county treasurer does not show that he posted or caused to be posted a copy of said redemption in four public places in said county.

"15. After the commencement of this action, and on the 23d day of February, 1887, the county clerk of said county issued to John W. Sponable a tax deed (based upon said sale for said taxes of the year 1870) purporting to convey to said Sponable the land in controversy, and including the taxes of 1873, and for a consideration named therein of $23.87, which deed was recorded May 2, 1887, and stated on its face as follows: 'This deed is made to correct a deed dated April 7, 1876, and recorded in book 31, page 511.'

"16. On the 1st day of March, 1887, after the commencement of this action, John W. Sponable and wife, for the nominal consideration of one dollar, conveyed said land by quitclaim deed to the defendant, James W. Tweedell, which deed was recorded May 2, 1887.

"17. This action was commenced January 24, 1887; the annual rental value of said land is and was the sum of $60 for the three years next before the commencement of this action, and $60 for the time subsequent thereto to this date.

"18. Said land was vacant and unoccupied until the year 1881, and has been in the possession and occupancy of defendants ever since said date; defendants have received all of the rents, issues and profits thereof during said time.

"19. The whole amount of taxes paid by defendants and their grantors on said land, including the costs of said tax deed and recording same, with twenty per cent. interest thereon from the date of such payments respectively, is the sum of $219.98.

CONCLUSIONS OF LAW.

"1. At the commencement of this action plaintiff was and he now is the absolute owner in fee simple of the N. ½ of the S. E. ¼ of sec. 1, T. 12, R. 23, in Johnson county, Kansas, and was and is entitled to the immediate possession thereof.

"2. Defendants wrongfully kept plaintiff out of possession of said lands as alleged in his petition, and plaintiff is entitled to recover of and from defendants, as rents and profits, the sum of $240.

"3. The tax deed from Johnson county to J. W. Sponable, dated April 7, 1876, and recorded June 19, 1876, was void on its face, and did not start the statute of limitations to running in its favor after the record thereof.

"4. The tax deed dated February 23, 1887, to John W. Sponable, was invalid, and conveyed no title to the grantee.

"5. Said defendant Tweedell took no title to the land in

controversy under and by virtue of the quitclaim deed from J. W. Sponable and wife, dated March 1, 1887.

"6. Defendants are entitled to recover of plaintiff before he is let into possession of said land, the taxes paid by them and their grantors, including costs of tax deed and recording the same, with twenty per cent. interest thereon, amounting to the sum of $219.98, and the same is a lien on said land until paid.

"7. The plaintiff is entitled to have set off the amount due him for rent and profits against the amount found due defendants for taxes, as aforesaid, and plaintiff is entitled to judgment against defendants for any excess over the amount necessary for the payment of said taxes.

"8. The court finds for the plaintiff and against the defendants, and each of them; which finding is based solely and wholly upon the above facts, which are all the facts in this case.

"It is therefore now here considered, ordered and adjudged by the court, that plaintiff, William Warner, have, recover, and receive of and from defendants the immediate possession of all of said lands and tenements; that plaintiff is the owner thereof; that plaintiff recover of and from defendants the sum of $20.02, due him for rents and profits over and above the sum due the defendants for taxes and interest paid as aforesaid; that plaintiff recover all his costs in this behalf expended, taxed at $——; and that execution issue therefor."

Judgment for the recovery of the possession was rendered for Warner. A motion for a new trial overruled. The defendants bring the case to this court.

The only serious contention on the part of Tweedell, Cole and Howland for a reversal of the judgment is, that the state of the pleadings was such that they were entitled to judgment on the pleadings, and that Warner was not authorized to go behind Tweedell's last tax deed and by the anterior proceedings show that it was void, as he was permitted to do by the trial court. The plaintiff below, Warner, had filed his petition in the usual form of an action in ejectment. The defendants below, who relied upon a tax deed with five years' possession under it, pleaded it with all the particularity required by the case of *Walker v. Fleming*, 37 Kas. 171. To

this the plaintiff below replied by a general denial unverified. On this state of the pleadings it is claimed that under the case of Walker v. Fleming, the execution and authority being admitted, the legal effect of the tax deeds and former proceedings naturally followed, and it was error for the trial court to allow Warner to invalidate the tax deeds by evidence of the existence of substantial defects in the anterior proceedings. This might be sound if the plaintiffs in error had not attached as exhibits their various tax deeds and made them a part of their answer. In thus doing it appears from their own answer that the tax deeds are void on their face, and hence we have an answer that alleges the execution of the tax deeds, with the validity of all the preliminary proceedings; and exhibits void tax deeds in conflict with their allegations of due execution and legal authority. Where any two allegations of the same party are inconsistent with each other, the allegation most unfavorable to such party is deemed to override the other allegation. (*Butler v. Kaulback*, 8 Kas. 668; *Board of Education v. Shaw*, 15 id. 33.) The tax deeds being a part of the answer, they must speak for themselves. The court will give them their legal import. (*Board of Education v. Shaw*, 15 Kas. 33.) The tax deed executed on the 7th day of April, 1876, is void on its face because, for one reason, it shows a sale of several tracts, not contiguous, in gross. This renders the sale void. It also recites an impossible day of sale, in this: it purports to have been sold on the 4th day of May, 1872, at an adjourned sale of the sale begun and publicly held on the first Tuesday in May, 1872, when the first Tuesday in May in that year occurred on the 7th day of the month. The tax deed of date February 23, 1887, recites a sale of this tract alone on the 4th day of May, 1871, at a sale begun and publicly held on the first Tuesday of May, 1871. This deed recites that it is made to correct the deed made on the 7th day of April, 1876. This probably brings it under the operation of § 143, ch. 107, Comp. Laws of 1885. Waiving all consideration of the question of Sponable's right to the second deed, as the record shows that in 1881 he had quitclaimed it

to Tweedell, and hence Tweedell, and not Sponable, should take out the deed, we are inclined to hold that the county clerk had no authority to execute the second deed. (Comp. Laws of 1885, ch. 107, §§ 172, 173, 174.) The execution of the second deed was nearly sixteen years after the sale, and nearly eleven years after the execution of the first deed. As the sale was made before § 174 of chapter 107 went into effect, the extreme limit of time within which .the second deed could have been taken out was the 11th day of May, 1882. In other words, if Sponable, or those who claim under him, desired to take out successive tax deeds on the same sale, they must have taken out their last deed before the 11th day of May, 1882, as § 174 applies to sales made before the approval of the act containing § 174, and gives the holders of tax certificates of sales made before that time one year after its passage within which to take out their deeds. The act containing the section went into effect on the 10th day of May, 1881. The case of *Austin v. Jones*, 37 Kas. 327, holds that § 143, ch. 107, does not repeal or limit § 141, but gives the land-owner two years in which to set aside "any and all tax deeds" where different or successive tax deeds upon the same sale have been put upon record by the same party, not merely two years in which to set aside the last tax deed put upon record by the same party, but two years in which to set aside any and all such different and successive tax deeds put upon record, without regard to the length of time the prior tax deeds merged in the last tax deed have been of record. So that there can be no question of the statute of limitations in this case that could by any possible construction bar the right of Warner to recover the land. When the tax deed of February, 1887, was taken out on the same sale as that of May, 1876, and was put on record, and was by consent pleaded in this action, that was then pending, it divested the case of all questions arising under the various statutes of limitation.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.