MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. THE BOARD OF COMMISSIONERS OF THE COUNTY OF LABETTE *et al.*

**No. 488.** ( 59 Pac. 383.)

1. TAXATION—*Penalty*—*Constitution.* · Section 6975 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 171; Gen. Stat. 1899, § 7318) does not contravene section 1 of article 11 of the constitution of the state of Kansas or the fourteenth amendment to the constitution of the United States.

2. ——— *Railroad Property.* The tax levied by the board of railroad assessors upon the property held or used in the operation of a railroad in pursuance of the authority granted by section 6873 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 158, §§ 99–101; Gen. Stat. 1899, § 7212) is a tax due upon personal property.

Error from Labette district court; A. H. SKIDMORE, judge.   Opinion filed December 22, 1899.   Affirmed.

*T. N. Sedgwick*, for plaintiff in error.

*F. M. Brady*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was instituted in the district court of Labette county by the plaintiff in error perpetually to enjoin the collection of the fifty per cent. interest provided for by section 6975 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 158, § 171; Gen. Stat. 1899, § 7318), which reads as follows :

"In case the county treasurer shall be restrained from selling any real estate by reason of an injunction, and the injunction shall be dissolved, the treasurer, at the sale provided for in the preceding section, shall include all penalties and interest that would have accrued had the sale taken place at the time fixed by law ; and in cases where the county treasurer or sheriff shall by injunction be restrained from the collection of taxes due upon personal property,

35—9 KAN. APP.

and the injunction be dissolved, the county treasurer or sheriff shall collect the original taxes and penalties, with interest from the date of the injunction at the rate of fifty per cent. per annum."

The plaintiff in error had enjoined the payment of certain taxes, which injunction was dissolved, and the fifty per cent. interest added as upon personal property. The taxes and penalties, exclusive of the fifty per cent. interest, were tendered and refused, and this action of injunction brought. The district court sustained a demurrer to the petition of plaintiff and dissolved the injunction, and the plaintiff in error brings the case here for review, and assigns in its brief the following errors:

"1. The court below erred in holding and deciding that section 6975 of the General Statutes of Kansas is not in contravention of section 1, article 11, of the constitution of the state of Kansas.

"2. The court below erred in holding and deciding that section 6975 of the General Statutes of Kansas is not in contravention of the fourteenth amendment to the constitution of the United States.

"3. The court below erred in holding and deciding that the road-bed, track and right of way were personal property and not real property, and in holding and deciding that the tax thereon was a tax on personal property."

That part of section 1 of article 11 of the state constitution which is referred to reads as follows: "The legislature shall provide for a uniform and equal rate of assessment and taxation."

It is apparent that the fifty per cent. interest which is required is not added at the time of the assessment and taxation, or the fixing of the rate thereof. In fact, it may not be added at all, and if so, then only in an attempt to collect the tax after the rate has been fixed and the levy made. It is a penalty imposed

Railway Co. v. Labette County.

upon persons who may refuse to pay taxes and bring injunction proceedings, instead of paying the taxes under protest and suing to recover it back.   Section 6975, *supra*, clearly does not contravene section 1 of article 11 of the constitution of the state of Kansas.

That part of the fourteenth amendment to the constitution of the United States which section 6975, *supra*, is said to contravene reads as follows : . . . "Nor shall any state deprive any person of life, liberty or property without due process of law. . . . "

The right to add fifty per cent. as interest for failure to pay taxes upon real estate at the times specified in the statute has been upheld.   See *Estes v. Stebbens*, 25 Kan. 315.   We are at a loss to comprehend why the provisions of section 6975 take property without due process of law any more than those providing for interest and penalties for non-payment of taxes.   The object of each of them is to facilitate the prompt payment of taxes.

Under section 6873, General Statutes of 1889 (Gen. Stat. 1897, ch. 158, §§ 99–101 ; Gen. Stat. 1899, § 7212), all property used or held by a railway company for the purpose of operating its railroad, including its road-bed, right of way, etc., is to be appraised and assessed as personal property.   The statute declaring such property personal property for the purposes of assessing a tax against it, it follows that such tax must be collected as a tax upon personal property, and it is a tax due upon personal property.   The legislature had the power to enact the statute declaring the right of way, road-bed and other property held or used in the operation of the railroad to be personal property for the purposes of taxation, and the ruling of the trial court was correct.

The judgment of the district court is affirmed.