Park v. Hetherington.

---

RICHARD A. PARK AND HORACE M. JACKSON v. C. S. HETHERINGTON.

**No. 669.\***   ( 61 Pac. 328.)

1. TAXATION — *Floating-lien Law — Assignment of Certificate.* Chapter 114 of the Laws of 1881 (Gen. Stat. 1897, ch. 158, §§ 217–220; Gen. Stat. 1899, §§ 7372–7375), known as the "floating-lien law," does not apply to a tax certificate assigned by a county to an individual, where the assignment is made less than one year prior to the expiration of three years from the date of sale.

2. ———— *Tax Lien — Strict Foreclosure.* There is no authority, under our statute, for a strict foreclosure of a lien for taxes or betterments.

Error from Atchison district court; W. T. BLAND, judge.   Opinion filed June 6, 1900.   Modified.

*Jackson & Jackson,* for plaintiffs in error.

*Waggener, Horton & Orr,* for defendant in error.

---

\*Ordered certified to supreme court July 7, 1900.—REP.

The opinion of the court was delivered by

McELROY, J.: This action was brought by Park and Jackson to recover from Hetherington the possession of lot 1, in block 36, in that part of the city and county of Atchison known and designated as L. C. Challiss's addition to the city of Atchison. The defendant Hetherington was in possession and claimed title to the property by virtue of a tax deed.

The cause was tried to the court, a jury being waived. The court held that the plaintiffs were the owners of the real estate in controversy, and had a good and sufficient title to the same, and that the tax deed did not confer a good title upon the defendant, but that the defendant was entitled to a lien upon the property for the taxes, amounting to $674.42, and for improvements in the sum of $28.40. The court further adjudged that the plaintiffs were entitled to recover possession of the lot described in the petition; that said sum of $707.82, with interest thereon from date at six per cent. per annum, be a first and prior lien upon the property, and that before plaintiffs should be let into possession thereof they pay to defendant the said sum of $707.82, and interest; that unless said payment be made on or before the 8th day of February, 1899, the plaintiffs be forever barred, enjoined and restrained from setting up or claiming any right, title, interest, lien or estate in, to or upon said described property or any part thereof, and if plaintiffs should, on or before said last above-named date, pay to defendant the sum so as aforesaid found due, then the defendant surrender possession of said property to the said plaintiffs, and thereafter be forever barred, enjoined and restrained from setting up any right, title, interest, lien or estate in or to the property adverse to the plaintiffs.

The plaintiffs presented their motion for a new trial,
which was overruled, to which ruling they excepted
and present the record to this court for review.   The
assignments of error present but two questions, which
we will consider in order.

*First.*  Does the floating-lien law apply to tax cer-
tificates assigned by counties where such assignment
is made *less* than one year prior to the expiration
of three years from sale?   An answer to the first
question presented involves an examination of chapter
114 of the Laws of 1881, or, more particularly, sections
1 and 2 of the act, which read as follows :

" SECTION 1.   No tax certificate issued for the sale of
real estate for delinquent taxes to an individual for
which no tax deed shall have been taken out shall
be a lien on such real estate after the expiration of
four years from the date of such sale.

" SEC. 2.   When any real estate is or has been bid off
for delinquent taxes to cities or counties and the tax
certificates assigned, the lien thereof shall not be valid
without a tax deed taken thereon after the expiration
of four years from the date of such sale to the city or
county where such assignment is made, more than one
year prior to the expiration of three years from the
sale ;   and when  such  assignment  is  made  three or
more years from the expiration of said sale, the said
lien shall expire in one year after the date of such as-
signment, unless a tax deed be taken on such tax cer-
tificate within such time."

It is contended upon the part of the plaintiffs in
error that under section 2, being section 218 of chap-
ter 158, General Statutes of 1897, the defendant at
the time of the rendition of the judgment had no lien
for taxes ;  therefore the judgment should be reversed.

The sale of the pro erty in dispute was made to
the county of Atchison September 2, 1890, the as-
signment of the certificate was made by the county,

August 3, 1893, and the tax deed was executed October 25, 1894.

Does this bring the case within the terms of the section under consideration? The plaintiffs in error practically admit that it does not come within the express provisions of the section, but contend that the statute should be construed according to its spirit; that so construed it would avoid floating liens, while, if construed literally, it would have the effect, in cases like this, when assigned by the county during the third year after the sale, of not only preserving what it purports to make void, but would preserve the floating lien.

This case does not come within the provisions of section 2 of the act under consideration. There is no provision in the section or act invalidating the lien for taxes under a tax deed where the assignment of the tax certificate is made by the county during the third year after the date of sale. The validity of this lien for the amount due the holder of a tax deed has been recognized by the supreme court in *Geer v. Thrasher*, 37 Kan. 657, 16 Pac. 94.

Plaintiffs in error contend, however, that the Geer case has been overruled by the decision in *Tweedell v. Warner*, 43 Kan. 597, 23 Pac. 603. We think counsel are mistaken in this contention. We find nothing in the latter case which is inconsistent with the former. If the language of the act were obscure, indefinite or uncertain there might be occasion for construction. Legislatures are presumed to express what the clear import of the language implies. Prior to 1881, there was no time limitation against the lien of tax-sale certificates; they might be held indefinitely without taking out a tax deed, and such delay did not affect the validity of the certificate holder's lien for taxes,

.nor did the lapse of time affect the validity of the deed issued thereon. (*Estes v. Stebbins*, 25 Kan. 315.) It is apparent from the entire act that it was as much to fix a period of time within which one could procure a valid deed as to fix the time within which the tax-sale certificate would constitute a lien upon the real estate that the act under consideration was passed.

Section 4 of the act reads :

"Nothing herein shall be construed to impair the lien for taxes on real estate deeded for delinquent taxes, in case the deed from any cause fails to pass·a title to such property ; nor to impair the lien on any real property bid off to any city or county, and unassigned."

There is no provision of the act by which the defendant is deprived of a lien for taxes or betterments.

*Second.* Is a strict foreclosure of a lien for betterments, or for taxes paid in the purchase of a tax-sale certificate, or for both such liens, authorized by the statute? It will be observed that the court, after rendering judgment that plaintiffs were the owners of the real property in controversy, and that defendant had a lien for taxes paid and for betterments, further adjudged that the plaintiffs were entitled to recover possession of the lot described in the petition ; that said sum of $707.82, with interest thereon from date at six per cent. per annum be .a first and prior lien upon the property, and before plaintiffs should be let into possession thereof they pay to defendant the said sum of $707.82, and interest ; that unless said payment thereof be made on or before the 8th day of February, 1899, the plaintiffs be forever barred, enjoined and restrained from setting up or claiming any right, title, interest, lien or estate in, to or upon said described property, or any part thereof, and if

plaintiffs should, on or before said last above-named date, pay to the defendant the sum so as aforesaid found due, then the defendant surrender possession of said property to the said plaintiffs, and thereafter be forever barred, enjoined and restrained from setting up any right, title, interest, lien or estate in or to the property adverse to the plaintiffs.

The court erred in its judgment barring the plaintiffs in error from setting up any claim, right, title, or interest, lien or estate in the property in dispute, if the lien of the defendant was not paid on or before the date fixed. This part of the judgment is, in effect, a strict foreclosure and is erroneous.

The plaintiffs should not be let into possession until they have paid the lien of the defendant for taxes, interest, and betterments, and the judgment of the trial court will be so modified.

The judgment is affirmed as modified. The costs in this court are equally divided.